In the Matter of JOHN DOE, Respondent, v. COUNTY OF WEST-CHESTER et al., Appellants.

Second Department, July 8, 1974.

*Carl A. Vergari, District Attorney*, appellant in person (*Anthony Joseph Servino* and *James M. Rose* of counsel), and for the People, appellant.

*Harry Lott, County Attorney* (*F. Sherwood Alexander* of counsel), for Daniel F. McMahon and others, appellants.

*Lawrence A. Porcari* for respondent.

SHAPIRO, J. The County of Westchester and its Sheriff and the District Attorney of Westchester County appeal from an order in a proceeding pursuant to article 78 of the CPLR which, on reargument, adhered to the judgment previously made in the proceeding, (1) enjoining the Sheriff from making any disclosure to the United States Army with respect to the arrest and adjudication of the petitioner as a youthful offender, (2) ordering the County Clerk of Westchester County to delete the name of the petitioner from the index and other public records and to substitute an anonymous title and (3) ordering the sealing of all papers submitted in the proceeding, subject to the further order of the court. The District Attorney had applied for leave to intervene in the proceeding. Although the Special Term stated in its decision on the reargument motion that such

relief would not be granted and a recital in the order under review refers to that portion of the decision, the order does not contain any decretal provision as to that question.

## THE FACTS

The petitioner was convicted as a youthful offender and sentenced to a term in prison. He applied for an order modifying his sentence on the ground that he wished to join the Army. The sentencing court indicated it would modify the prison sentence if he were accepted by the Army. When the petitioner learned that the Sheriff, upon inquiry from the Army, would disclose the petitioner's arrest and disposition records to it, he brought this article 78 proceeding. It appears from undisputed material in the record that the petitioner has been in the United States Army since at least January 3, 1973 and that prior thereto a representative of the United States Army made inquiry at the Sheriff's office concerning the records pertaining to the petitioner and was advised that those records indicated that the petitioner had been arrested but showed no disposition. About one week later, the Army representative again visited the Sheriff's office. He then advised the Sheriff that he had been informed that the charges against the petitioner resulted in a youthful offender adjudication.

## THE ISSUES

The record presents four issues. The first, the issue of mootness, is based on the fact that the petitioner's arrest and conviction as a youthful offender were already known to the Army at the time its representative visited the Sheriff's office. However, neither the appellants nor the petitioner raise this issue on appeal, apparently preferring a judicial resolution of the second and crucial issue in the case: Do the provisions of CPL 720.35 mandate the nondisclosure directed by the order appealed from? A third issue is whether Special Term was correct in denying the District Attorney's application to intervene. The fourth issue is whether the procedure used by the petitioner, a petition to prohibit disclosure of confidential information pertaining to his adjudication as a youthful offender, is available against a Sheriff.

### A. MOOTNESS

In a *proper* case the mere fact that the issue involved has become academic between the immediate parties to the controversy does not permit an appellate court to shy away from deciding the issues before it. A *proper* case is one in which " ' the

underlying questions are of general interest, substantial public importance and likely to arise with frequency'" (*Matter of Concord Realty Co.* v. *City of New York*, 30 N Y 2d 308, 312–313; *Matter of Gold* v. *Lomenzo*, 29 N Y 2d 468, 475, 476; *Matter of Bell* v. *Waterfront Comm.*, 20 N Y 2d 54, 61; *East Meadow Community Concerts Assn.* v. *Board of Educ.*, 18 N Y 2d 129, 133).

The procedure here involved of permitting a youthful offender, as part of a process of rehabilitation and maturation, to avoid incarceration by enlisting in the armed forces of our country, is one which arises with sufficient frequency and is of sufficient general interest and public importance to require this court to decide the issue before it, to wit, whether subdivision 2 of CPL 720.35 bars a public official not specifically authorized to do so by a court from disclosing to representatives of the military forces the official records and papers relating to the case of a youthful offender who is seeking to enlist. This court therefore does not regard the controversy as moot or academic and will decide the issue on the merits.

### B. THE EFFECT OF SUBDIVISION 2 OF CPL 720.35

This statute reads: "Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency, other than an institution to which such youth has been committed, or a probation department of this state that requires such official records and papers for the purpose of carrying out duties specifically authorized by law."

The plain language of the statute bars "a police agency", which includes the Sheriff of Westchester County, from making available to a "public * * * agency", which would include the Army, any "official records and papers" on file relating to the case of any person "adjudicated a youthful offender", which, of course, is the status of the petitioner in this case. Nothing in *Matter of Cacchioli* v. *Hoberman* (31 N Y 2d 287) in any way weakens the requirements of the statute that all official records and papers relating to a case dealing with a youth who has been adjudicated a youthful offender be kept confidential by the public agency involved. In *Cacchioli*, the court dealt with the failure of a youthful offender to divulge his adjudica-

tion as such to his prospective employer on his job application questionnaire for a position as a transit policeman and the effect on his right to retain his job by reason of *his* failure to disclose. It did not involve the question of the right of a police agency charged with custody of youthful offender files to divulge such information to a public agency. Nor did it deal with the strictures of the statute. It is therefore completely inapposite to the factual picture here present.

We also find no merit in the contention of the Sheriff and the District Attorney that a failure by the Sheriff to furnish the Army with the information in his files concerning the petitioner would violate section 1001 of title 18 of the United States Code, which provides that whoever in any matter within the jurisdiction of any department or agency of the United States knowingly falsifies or conceals a material fact or makes any false statements shall be fined or imprisoned or both. What this contention overlooks is that the Sheriff, by simply advising the inquiring Federal agency that he is required by statute to keep confidential any records he may have on the subject of the agency's inquiry, is in complete compliance with the Federal statute.

### C. INTERVENTION BY THE DISTRICT ATTORNEY

The District Attorney, at Special Term, sought to intervene in this proceeding, *as a matter of right*, upon the ground that he represents the People, who were a party to the prosecution in which the petitioner was adjudicated as a youthful offender, and is therefore an "interested person" under the terms of subdivision (d) of CPLR 7802, which provides that the court "may allow other interested persons to intervene". Thus, intervention is always a matter of judicial discretion — never of right — and, absent any showing of abuse of discretion by Special Term in denying the District Attorney's motion, a claim not made by the District Attorney, its refusal to grant intervention should not be disturbed (*Cortellini* v. *City of Niagara Falls*, 258 App. Div. 778).

### D. THE USE OF AN ARTICLE 78 PROCEEDING

It is contended that the petitioner's proceeding is in the nature of a writ of prohibition, which lies only against a court, *not a Sheriff*. This contention seems to be based on the invalid assumption that because the petition seeks an order "prohibiting" the Sheriff from disclosing any confidential information pertaining to the petitioner's adjudication as a youthful offender, his petition must necessarily be considered only as an application

in the nature of a writ of prohibition. But the word "prohibiting" used in the petition is not a determining or limiting factor; rather it is the real relief sought by the petitioner and which is warranted by the contents of his petition. In this case there are sufficient probative facts set forth in the petition to warrant the issuance of an order in the nature of mandamus to compel the Sheriff, a police official, to comply with the provisions of subdivision 2 of CPL 720.35. This is authorized by article 78 of the CPLR (*Matter of Daniels* v. *Daniels*, 3 A D 2d 749, 750). In *Matter of Walsh* v. *LaGuardia* (269 N. Y. 437, 440) Chief Judge CRANE pointedly noted: "We may in this day have little patience with a practice which denies any relief because the paper presented to the court called a 'petition' asks for the wrong remedy, but we must have patience to consider carefully whether the remedy which is granted by the court on any petition, call it what we will, can be effectual to accomplish its purpose".

Under the circumstances, the order appealed from, which, *inter alia*, provides:

"ORDERED that the petitioner is entitled to the protection provided for under Section 720.35 of the Criminal Procedure Law of the State of New York as to the request from the United States Army for information; and it is further

"ORDERED that the Sheriff of Westchester County is enjoined from making any disclosure to the United States Army with respect to * * * [petitioner's] arrest and adjudication as a youthful offender; and it is further

"ORDERED that the County Clerk of Westchester delete the name of the petitioner from the index and other public records and that he substitute an anonymous title in its place; and it is further

"ORDERED that all papers submitted on the motion be sealed, subject to the further order of the Court"
should be affirmed, without costs.

MARTUSCELLO, Acting P. J., LATHAM, COHALAN and BRENNAN, JJ., concur.

Order of the Supreme Court, Westchester County, dated February 27, 1973, affirmed, without costs.