■ In the Matter of DOUGLAS H. CASEMENT, Appellant, v TOWN OF POUGHKEEPSIE PLANNING BOARD et al., Respondents and LORINA REALTY COMPANY, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Poughkeepsie Planning Board dated September 22, 1988, which granted final site plan approval to a proposed development known as "The Hills on the Hudson", the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess

County (King, J.), entered February 15, 1989, as dismissed the first and third causes of action asserted in the petition.

Ordered that the judgment is affirmed insofar appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The verified amended petition alleges three causes of action. The first cause of action challenges a resolution of the respondent Town Board of the Town of Poughkeepsie dated May 21, 1986, and a resolution of the respondent Town of Poughkeepsie Planning Board dated September 22, 1988, on both land use and environmental grounds. These resolutions concerned zoning and site plan approval of a 450-unit condominium development project initially called "The Meadows", and subsequently renamed "The Hills on the Hudson". The Town Board resolution of May 21, 1986, conceptually approved the cluster concept of the proposed development and referred it to the Planning Board for consideration pursuant to Town of Poughkeepsie Zoning Ordinance § 4.2.21. The Planning Board resolution of September 22, 1988, gave final site plan approval to the project, which had been under Planning Board review for over two years. During this review process, and in accordance with Environmental Conservation Law article 8 (hereinafter SEQRA), the Planning Board designated itself lead agency, and issued a positive declaration which required the developer to prepare a Draft Environmental Impact Statement (DEIS). A so-called "scoping" session was held, the DEIS was prepared and submitted, public comments were entertained, a public hearing was held and a Final Environmental Impact Statement was submitted and accepted by the Planning Board on April 23, 1987. On May 28, 1987, the Planning Board determined that the plan fully complied with SEQRA and resolved that the application for authorization to develop the project be approved, subject, *inter alia,* to site plan approval. Application for site plan approval was then made accompanied by a long Environmental Assessment Form. On June 13, 1988, the Planning Board determined that the proposed development would have no major impacts which had not been addressed by the prior environmental assessments or alleviated by the imposition of restrictions. The Planning Board then issued a negative declaration and gave preliminary site plan approval. On September 22, 1988, the Planning Board issued final site plan approval.

The petitioner's second cause of action sought, *inter alia,* a declaration to the effect that Town Law § 281 does not authorize condominium development and is limited to subdivision

application. The third cause of action was to annul the resolutions of May 21, 1986 and September 22, 1988 on the basis that the project calls for a nonpermitted use.

We find that the Supreme Court properly dismissed the first and third causes of action asserted in the petition.

Insofar as the petition challenges the determination by the Town Board and the Planning Board based on the zoning laws, we find that the petitioner lacks the requisite standing to challenge their determinations. The petitioner lives over a mile from the project and operates a car wash located approximately .7 of a mile from the project. These distances from the project deprive the petitioner of the benefit of any inference of injury in fact by virtue of proximity *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 410; *Matter of Kucinski v Zoning Bd. of Appeals,* 148 AD2d 612; *Matter of Big V Supermarkets v Town of Wallkill,* 154 AD2d 669).* Absent this inference, the petitioner has not alleged any special injury which he would suffer over and above that of the general community *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra,* at 413).

While the petitioner may come within the more liberal requirements for standing with respect to his challenge to the town's observance of SEQRA *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524; *Matter of Industrial Liason Comm. v Williams,* 131 AD2d 205, 207-208), his challenge is time barred under the 30-day limitation period set forth by Town Law §§ 282 and 274-a (3) which displace the four-month limitation period of CPLR 217. The petitioner's time began to run as of the date that the Planning Board resolution of June 13, 1988, which contained a negative declaration, was filed in the office of the Town Clerk. This was the final decision made by the Planning Board with respect to SEQRA and the petitioner's petition dated September 28, 1988, is therefore untimely.

We note that the petitioner does not challenge on appeal the Supreme Court's dismissal of his second cause of action. In light of our determination we do not consider the petitioner's remaining contentions. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.