■ In the Matter of LONG ISLAND PINE BARRENS SOCIETY, INC., et al., Appellants, v PLANNING BOARD OF THE TOWN OF BROOKHAVEN, Respondent, et al., Respondents, and ANTON MEADOWS, INC., Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review, *inter alia,* sundry determinations of the respondents which granted various applications for permission to engage in residential development, the petitioners appeal, as limited by their brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), dated July 13, 1990, which, *inter alia,* dismissed that branch of the petition which challenged a determination of the Planning Board of the Town of Brookhaven dated January 8, 1990, which granted conditional final approval to a residential subdivision known as the Anton Meadows Project.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The intervenor-respondent Anton Meadows, Inc. (hereinafter Meadows), owns 202.9 acres of real property in the Town of Brookhaven, New York. On November 12, 1986, Meadows filed an application with the Planning Board of the Town of Brookhaven (hereinafter the Board) for preliminary approval of a residential subdivision. On January 2, 1987, the Board issued a positive declaration requiring the preparation of an environmental impact statement (hereinafter EIS). The EIS was filed and accepted by the Board. On May 15, 1989, the

Board adopted a statement of findings with respect to the New York State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). On June 5, 1989, the Board granted conditional preliminary approval and placed its decision on file on or before June 7, 1989. On January 8, 1990, the Board granted conditional final approval of the project and filed that decision on or before January 10, 1990. On February 7, 1990, the petitioners commenced the instant proceeding challenging the Board's approval of several development projects including Meadows. The petition challenged, *inter alia,* the Board's final approval of the Meadows project on the ground that it failed to comply with SEQRA. Meadows moved to dismiss that branch of the petition which challenged the Board's approval of the Meadows' project on the ground that that branch of the petition was untimely. The Supreme Court granted the motion on the ground that the instant proceeding was not commenced within 30 days after June 7, 1989, the date of the filing of the preliminary approval of the Project *(see,* Town Law § 282). The petitioners contend that the 30-day Statute of Limitations started to run on January 10, 1990, the date of the filing of the conditional final approval, and not from the date of filing of the preliminary approval. We disagree and affirm.

Town Law § 282 provides that any person aggrieved by any decision of a planning board may have the decision reviewed by the Supreme Court provided the proceeding is commenced within 30 days after the filing of the decision in the office of the board. At bar, the petitioners challenge the Board's determinations concerning the environmental review of the project. Upon the filing of the Board's preliminary approval, the Board had completed its environmental review process *(see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, *affd* 62 NY2d 965). Therefore, any proceeding challenging the environmental review of the project should have been commenced within 30 days after June 7, 1989 *(see, Matter of Casement v Town of Poughkeepsie Planning Bd.,* 162 AD2d 685). Since the instant proceeding was not commenced until February 7, 1990, the petition insofar as it is asserted against Meadows was properly dismissed as untimely. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.