■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Mahoney, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered April 2, 1991 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* declare invalid the approval by respondent Department of Environmental Conservation of a solid waste consolidation plan with respect to a landfill located in Washington County.

This matter arises out of the approval and implementation by respondent Department of Environmental Conservation (hereinafter DEC) of a solid waste consolidation plan (hereinafter the plan) prepared by respondent Washington County (hereinafter the County). The plan was prepared pursuant to the terms of an order on consent, which order arose out of an enforcement action instituted by DEC to effect closure of numerous unpermitted municipal landfills located throughout the County. Under its terms, eight unpermitted landfills were closed and provisions were made for interim disposal of the County's solid waste at existing unpermitted landfills located in respondent Town of Fort Ann and in the Town of Easton.

Contending that DEC's approval and implementation of the plan, which concededly intensified use of the noncompliant Fort Ann Landfill, (1) constituted an action within the meaning of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and required DEC's compliance with the provisions thereof prior to granting approval, which was not done, and (2) in any event, was an abuse of its discretion, petitioners, all residents of the Towns of Fort Ann and Queensbury, proceeding *pro se,* commenced this combined CPLR article 78 proceeding/declaratory judgment action/General Municipal Law § 51 action seeking to void implementation of the plan. Prior to joinder of issue DEC moved to dismiss asserting lack of standing and failure to state a claim. Supreme Court granted the motion and dismissed plaintiffs' pleading in its entirety, concluding that compliance with SEQRA was not necessary in this instance so as to warrant CPLR article 78 relief and that plaintiffs had failed to establish the existence of any fraud or illegal acts involving waste of public property to support that part of the pleading which

sought relief pursuant to General Municipal Law § 51. Only petitioner Robert L. Schulz (hereinafter petitioner) appeals.*

In our view, petitioner lacks standing to maintain the SEQRA and abuse of discretion challenges urged on this appeal. It is now well established that the conferral of standing to challenge governmental actions involving land use, on SEQRA grounds or otherwise, requires a showing that the challenger will suffer *direct* harm, that is, injury which is in some way different from that of the public at large *(see, e.g., Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774-775). A review of the record makes clear that, viewing petitioner's allegations of injury separately from those of the other nonappealing petitioners, as we must, he does not meet this standard. Petitioner admits that he does not obtain his drinking water from the purported aquifer underlying the Fort Ann Landfill; his only claims of injury are that he frequents a restaurant that gets its water from the alleged aquifer and that there will be increased traffic in the area where he lives due to trucks carrying garbage to the landfill and an increase in odor. These injuries, however, are no different in kind or degree from those of the public at large. In any event, it seems clear that the action challenged was excepted from compliance with SEQRA *(see, e.g.,* ECL 8-0105 [5] [i]; 6 NYCRR 617.2 [q] [i]; *Matter of New York Pub. Interest Research Group v Town of Islip*, 71 NY2d 292; *Matter of Town of Brunswick v Jorling*, 149 AD2d 832), and that petitioner has failed to satisfy his heavy burden of proving that DEC's approval of the plan lacked a reasonable and rational basis.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Only petitioner filed a notice of appeal from Supreme Court's order. Although this notice of appeal purports to include all nine *pro se* petitioners as appellants, because petitioner is not admitted to practice law in this State he cannot take an appeal on their behalf *(see,* Judiciary Law § 478; *New York Criminal & Civ. Cts. Bar Assn. v Jacoby*, 61 NY2d 130, 136; *Blunt v Northern Oneida County Landfill [NOCO]*, 145 AD2d 913, 914). While petitioner requests us to excuse this defect, we have no authority to do so. It is well settled that a party's failure to timely file a notice of appeal effectively deprives this Court of jurisdiction to entertain his or her appeal *(see, Hecht v City of New York*, 60 NY2d 57, 61; *Austin & Co. v Reichert Constr. Corp.*, 151 AD2d 851, *lv denied* 75 NY2d 704).