■ In the Matter of BETSY DARLINGTON et al., Appellants, and MARGARET RUMSEY et al., Proposed Intervenors-Appel-

lants, v CITY OF ITHACA et al., Respondents, and THORNTREE HILL ASSOCIATES, Proposed Intervenor-Respondent. [609 NYS2d 378] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered April 15, 1993 in Tompkins County, which, *inter alia,* in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the amended petition for lack of standing.

On September 28, 1992, Thorntree Hill Associates (hereinafter Thorntree), acting as a representative of three parties who own three adjacent parcels of land in the City of Ithaca, Tompkins County, filed an application for a use variance with respondent City of Ithaca, Board of Zoning Appeals (hereinafter respondent). Thorntree wished to construct a retail store on approximately one half of the subject property with suitable parking. It sought the use variance in order to allow a small portion of the project to extend into an area which it contended was incorrectly designated as a floodway (FW-1) zone. Thorntree sent notices of its application to all adjoining property owners within 200 feet of the project boundaries[1] and published a notice of its application in the official local newspaper, the *Ithaca Journal,* on October 22, 1992 and October 29, 1992. On November 9, 1992, respondent granted Thorntree's application for a use variance contingent upon, *inter alia,* conducting a site plan review.

Thereafter, on December 17, 1992, petitioners commenced this CPLR article 78 proceeding to annul respondent's determination. On January 11, 1993, respondent answered and moved to dismiss the amended petition. On January 12, 1993, Thorntree moved to intervene as a respondent and submitted an answer. On or about January 25, 1993, Margaret Rumsey, John Kadar and John Powers (hereinafter collectively referred to as the proposed intervenors) moved to intervene as petitioners and respondent opposed. Supreme Court dismissed the amended petition for lack of standing and denied the intervention applications. Petitioners and the proposed intervenors appeal.

The first contention is that Supreme Court improperly concluded that petitioner Betsy Darlington lacked standing to sue in her capacity as Chair of the City of Ithaca Conservation Advisory Council (hereinafter CAC).[2] "[A]n entity seeking to

---

1. These people included the group who later moved to intervene in the proceeding as petitioners.

2. Petitioners concede that Darlington lacks standing to sue as an individual.

institute litigation must have the capacity to do so" *(Matter of Adirondack Park Local Govt. Review Bd. v Adirondack Park Agency,* 89 AD2d 642; *see, Matter of Pooler v Public Serv. Commn.,* 58 AD2d 940, *affd* 43 NY2d 750). Such capacity can only be granted expressly or by necessary implication by the legislative body that created the entity *(see, Matter of Pooler v Public Serv. Commn., supra; see also, Matter of Axelrod v Ambach,* 126 AD2d 288; *Matter of Association of Bds. of Visitors v Prevost,* 98 AD2d 260, 262). CAC was created by the City of Ithaca Common Council to perform monitoring, inventory, coordination and advisory functions and lacks the express legislative authority to initiate legal actions *(see,* Ithaca City Code, 1992, § 31-5).

We likewise reject petitioners' claim that CAC's authority to sue may be implied from its statutory powers and responsibilities in the area of environmental protection. The Ithaca Environmental Quality Review Ordinance (Ithaca City Code, 1992, § 176-3 [N]) clearly provides that CAC "has no specific responsibility for implementing the Environmental Quality Review Ordinance" and that its role is limited to one of providing input and assistance. Furthermore, we note that CAC is prohibited from exercising any duties other than those authorized unless assigned by the Common Council *(see,* Ithaca City Code, 1992, § 31-5 [K]). The record does not demonstrate any authorization by the Common Council to CAC to undertake the instant proceeding. Thus, we conclude that Supreme Court properly determined that Darlington lacked capacity to sue as Chair of CAC.

Next, we turn to the question of whether petitioner Mary Blodgett has shown that she would suffer direct harm, i.e., that her allegation of injuries based upon increased vehicular traffic is sufficiently different from that suffered by the public at large *(see, Matter of Schulz v New York State Dept. of Envtl. Conservation,* 186 AD2d 941). Our review of the record shows that Blodgett resides approximately one half of a mile from the proposed project on Spencer Road. Despite the tragic death of one of her children by a motorist on Spencer Road in May 1992, the distance of Blodgett's residence from the proposed project is too great to confer standing upon her based upon close proximity *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 414; *see also, Matter of Heritage Co. v Belanger,* 191 AD2d 790). Thus, we cannot say that Supreme Court erred when it found that Blodgett also lacked standing because she failed to demonstrate that she would suffer direct harm as a result of respondent's

determination. Petitioners do not contest Supreme Court's determination that the final petitioner, Paul Glover, lacked standing.

Finally, we address Supreme Court's denial of the applications for intervention. Intervention is a matter of judicial discretion *(see,* CPLR 7802 [d]; *Matter of Doe v County of Westchester,* 45 AD2d 308). "[I]ntervention * * * will not be allowed merely to permit the intervenor to accomplish now what it could have done as of right but * * * omitted to do earlier" *(see,* Siegel, NY Prac § 183, at 276 [2d ed]). Here, the record supports the inference that the proposed intervenors were recruited for this proceeding after respondent moved to dismiss the original petitioners' amended petition for lack of standing. The proposed intervenors' motion, made some 69 days after respondent's determination was filed, was arguably untimely.[3] Thus, we cannot say that Supreme Court abused its discretion in denying intervention. In any event, the granting of the use variance was conditional. One of the conditions requires the completion of a site plan review which in turn requires an environmental review, thus presenting the proposed intervenors with the opportunity to commence further proceedings at the appropriate time. Based upon the foregoing, we affirm Supreme Court's judgment.

Mikoll, Crew III, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

3. The Ithaca City Code requires that all proceedings challenging a determination of respondent be instituted within 30 days of its determination (Ithaca City Code, 1992, § 325-41 [C] [9]; *see,* General City Law § 82 [1]).