■ In the Matter of RAYMOND CORBETT et al., Appellants, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents. [611 NYS2d 658] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Thruway Authority, dated September 27, 1991, which awarded the respondent Cianbro Corporation a public contract to rehabilitate the Tappan Zee Bridge, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Pirro, J.), entered September 9, 1992, which dismissed the petition for lack of standing.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioners, residents of Brooklyn and of Staten Island, acting on behalf of themselves and all other citizens and taxpayers similarly situated, challenge the award by the New York State Thruway Authority of a public contract to the Cianbro Corporation (hereinafter Cianbro), on the ground that Cianbro was not the lowest responsible bidder for the contract, since Cianbro allegedly had a history of occupational health and safety violations. Further, the petitioners alleged that the manner in which Cianbro proposed to repair the Tappan Zee Bridge would threaten the health of citizens in the area and create environmental hazards to the Hudson River. The Supreme Court dismissed the petition on the ground that the petitioners did not have standing to sue. We affirm.

In order to have standing, the petitioners must show that the injury of which they complain falls within the "zone of

interests" or concerns sought to be promoted or protected by the statutory provision under which the agency has acted, and that there is no clear legislative intent negating review *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773; *see also, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 415; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 11). While there is no indication from the language of the statute that review is precluded, the other elements necessary to show standing have not been met.

The primary concern to be protected by statutes which require competitive bidding in the letting of public contracts is to invite competition, and to prevent favoritism, fraud, and corruption *(see, Matter of Signacon Controls v Mulroy,* 32 NY2d 410, 414; *see also, Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 192-193; *Matter of District Council No. 9 v Metropolitan Transp. Auth.,* 115 Misc 2d 810, 816, *affd* 92 AD2d 791). Public Authorities Law § 359, the statute in issue here, is a competitive bidding statute, thus, its purpose is to protect the competitive bidding process. Further, although the petitioners allege that the New York State Thruway Authority has violated Public Authorities Law § 359 by awarding its contract to Cianbro, they challenge the award on the grounds of health and safety concerns; therefore, they have not stated a challenge which falls within the "zone of interests" of Public Authorities Law § 359. Moreover, the environmental impact and potential damages to the community which they allege are speculative, and they have failed to show that, individually, they have suffered or will suffer an injury which is protected by the statute. Therefore, they have failed to demonstrate their standing to challenge the action of the New York State Thruway Authority. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.