■ In the Matter of SETH E. MANY, Appellant, et al., Defendants, v VILLAGE OF SHARON SPRINGS BOARD OF TRUSTEES et al., Respondents. [629 NYS2d 868] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered September 26, 1994 in Schoharie County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioners' lack of standing.

In this CPLR article 78 proceeding, petitioners contend, *inter alia*, that respondent Village of Sharon Springs Board of Trustees (hereinafter the Village), and other agency respondents, failed to comply with the mandates of the State Environmental Quality Review Act (ECL art 8) (SEQRA) during the review and decision-making process that culminated in the approval of a proposal by respondent Wal-Mart Stores, Inc. to construct a large warehouse and price-marking facility on the outskirts of the Village in Schoharie County. Supreme Court did not reach the merits of the petition, for it found that petitioners lacked standing to maintain this proceeding. The lone appellant, petitioner Seth E. Many (hereinafter petitioner), is a property owner and resident of the Village.

As Supreme Court aptly observed, the proximity of petitioner's properties to the proposed facility—they are situated one half mile from the site—is insufficient, without more, to confer standing; actual injury must be shown (*see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 409-410; *Matter of Darlington v City of Ithaca*, 202 AD2d 831; *Matter of Heritage Co. v Belanger*, 191 AD2d 790, 791). The unsavory environmental effects petitioner claims will result from the increased light, noise and traffic generated by the facility do not afford standing, for they are no different in kind or degree from that suffered by all in the general vicinity (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775; *Matter of Schulz v New York State Dept. of Envtl. Conservation*, 186 AD2d 941, 942). Nevertheless, his assertion that by causing changes in the hydro geologic formations and patterns of storm water drainage beneath the project site—which is directly uphill from his properties—the proposed construction will adversely affect the springs on his properties, as well as the quality or quantity of water in a private well that he and his family have used for drinking water for 50 years, does confer standing upon petitioner. A direct impact on one's drinking water supply is a concern that is plainly within the zone of interest that SEQRA is designed to protect (*see, Society of Plastics Indus. v County of Suffolk, supra*, at 777), and entitles petitioner to assurance that respondents have complied with

SEQRA (*see, Chase v Board of Educ.*, 188 AD2d 192, 199; *compare, Matter of Schulz v Warren County Bd. of Supervisors*, 206 AD2d 672, 673, *lv denied* 85 NY2d 805; *Matter of Schulz v New York State Dept. of Envtl. Conservation, supra*, at 942).

Significantly, the final environmental impact statement (hereafter FEIS) for this project does not categorically controvert petitioner's claims of injury. In response to comments registered by petitioner and other members of the public, the FEIS merely states that "the fields of hydrogeology and geology are not exact sciences", that "hydrogeologic paths cannot be determined with complete accuracy", and that while "the project has been extensively redesigned to avoid construction over sinkholes and the karst areas" and to provide for treatment of stormwater runoff in detention ponds and in on-site created wetlands, "[i]mpacts on adjacent springs are possible", although "the Village's natural springs should not be *unduly* affected" (emphasis supplied). Nor have respondents called into question petitioner's allegations that the stormwater from the construction site will flow into the Karst hydrogeologic formations underlying the north portion of the site, and from there down the hill and into the area in which petitioner's well and springs are located. Accordingly, it would be improper to reject petitioner's claims of injury as "merely speculative" or "wholly conclusory" at this juncture.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and petition reinstated.