[655 NYS2d 105]

In the Matter of JULIAN J. PIELA et al., Appellants, v MICHAEL VAN VORIS et al., as Members of the Town Board of the Town of East Greenbush, et al., Respondents.

Third Department, March 20, 1997

APPEARANCES OF COUNSEL

*Gary P. Delisle,* Schenectady, for appellants.

*Gleason, Dunn, Walsh & O'Shea,* Albany *(James E. Dering* and *Thomas F. Gleason* of counsel), for Michael Van Voris and others, respondents.

*Ruberti, Girvin & Ferlazzo, P. C.,* Albany *(Salvatore D. Ferlazzo* of counsel), for Donald Hart, respondent.

OPINION OF THE COURT

MERCURE, J.

In this CPLR article 78 proceeding, petitioners challenge (1) the May 11, 1994 action of respondent Town Board of the Town of East Greenbush rezoning a parcel of real property intended to be developed as a residential subdivision known as Huntswood Estates and approving the extension of the Town's General Water and Sewer District to encompass the proposed subdivision, and (2) the June 29, 1994 preliminary plat and preconstruction approval of respondent Planning Board of the Town of East Greenbush for Huntswood Estates Development Section III B. Supreme Court dismissed the petition due to petitioners' lack of standing and petitioners now appeal.

We affirm. In cases such as this one where the claim of standing is based upon the environmental impact of the challenged administrative action, it is the petitioners' burden to establish that they will suffer an environmental impact in fact, i.e., one that is in some way different from that of the public at large, and that the alleged injury falls within the zone of interest sought to be promoted by the statute under which the governmental action is to be taken *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433). In meeting that burden, landowners whose property is located in the immediate vicinity of the subject property are entitled to a presumption that they will be adversely affected in a way different from the community at large *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413-414). That is not to say, however, that they are exempted from the burden of coming forward with competent evidence to support a finding that their property is located in the immediate vicinity of the proposed subdivision *(see, Matter of Many v Village of Sharon Springs Bd. of Trustees,* 218 AD2d 845; *cf., Mat-*

*ter of Rosch v Town of Milton Zoning Bd. of Appeals,* 142 AD2d 765, 766).

Here, as related to the issue of standing, the petition merely alleges that "petitioners are owners of and residents upon real property located in [the Town] which is adjacent to or in close proximity to [Huntswood Estates]" and, as such, "are affected by [respondents'] actions". Although such conclusory allegations are sufficient to *state* petitioners' claim of standing, they are lacking in probative value and will not of themselves suffice to *establish* it. The distinction is particularly germane in a CPLR article 78 proceeding, where the analysis used to determine whether there exists a triable issue of fact is highly analogous to that employed on a summary judgment motion (*see,* 24 Carmody-Wait 2d, NY Prac § 145:333, at 345 [1992 rev ed]). As such, it was petitioners' burden to come forward with probative evidence sufficient to permit Supreme Court to determine the actual location of their properties in relation to the challenged subdivision. This they did not do.

In addition, it should be noted that although respondents' answer raised petitioners' lack of standing and petitioners' failure to adequately identify their interests and their proximity to the subject site, petitioners' reply failed to rectify the omission or, for that matter, to otherwise address the affirmative defense of lack of standing. Significantly, in a CPLR article 78 proceeding (as opposed to a plenary action), a failure to reply to new matter presented as an affirmative defense is the equivalent of an admission thereof (*compare,* CPLR 7804 [d], *with* CPLR 3011, 3018 [a]; *see,* 24 Carmody-Wait 2d, NY Prac § 145:266, at 287-288 [1992 rev ed]). As a final matter, we are not persuaded that the document annexed to the petition as exhibit C (containing the signatures of two of the petitioners) was probative on the question of standing.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur.

Ordered that the judgment is affirmed, without costs.