■ In the Matter of STEPHEN M. REDIKER et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF PHILIPSTOWN, Respondent. JOHN SCANGA, Intervenor-Appellant; NEW YORK SMSA LIMITED PARTNERSHIP, Doing Business as BELL ATLANTIC MOBILE, Intervenor-Respondent. [721 NYS2d 77] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Philipstown, dated April 20, 1998, which granted the application of the intervenor-respondent New York SMSA Limited Partner-

ship, d/b/a Bell Atlantic Mobile, for a special use permit to construct a 115 foot "monopole" with cellular phone antennas and an equipment building, the appeals are from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated October 14, 1999, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners, Stephen M. Rediker and Carla Rediker, commenced this proceeding to challenge certain alleged irregularities in the procedures employed by the respondent Zoning Board of Appeals of the Town of Philipstown (hereinafter the Board), in granting a special use permit to the intervenor-respondent (hereinafter Bell Atlantic Mobile), for the construction of a cellular phone antenna atop a monopole located on the west side of Route 9 in the Town of Philipstown. In essence, after a protracted process of administrative review that included a moratorium on construction of telecommunications towers and litigation commenced by Bell Atlantic Mobile in Federal court to compel the granting of its application notwithstanding the moratorium, the Board granted Bell Atlantic Mobile's application over the objections of the appellants who claim to live near the proposed antenna. The appellants' primary objection is that as a consequence of the apparent settlement of the Federal litigation, Bell Atlantic Mobile submitted certain information for the Board's consideration after the close of the public hearing on its application, and the Board granted the special use permit without hearing their objections or considering evidence supporting their opposition. The Supreme Court dismissed the proceeding on the ground that the appellants lacked standing and we affirm.

Where a claim of standing is based upon the adverse impact of challenged administrative action, a petitioner must show that he or she will suffer a harm that is in some way different from that suffered by the public at large and that the alleged injury falls within the zone of interest sought to be promoted or protected by the statute under which the government agency has acted (*see, Society of Plastic Indus. v County of Suffolk,* 77 NY2d 761, 772-774; *Matter of Long Is. Pine Barrens Socy. v Town of Islip,* 261 AD2d 474, 475).

The petitioners, Stephen M. Rediker and Carla Rediker, allegedly live approximately one-third of a mile from the monopole. They are not entitled to an inference of injury (*see, Matter of Many v Village of Sharon Springs Bd. of Trustees,* 218 AD2d 845; *Matter of Darlington v City of Ithaca,* 202 AD2d 831, 833; *Matter of Casement v Town of Poughkeepsie Planning Bd.,* 162 AD2d 685, 686; *Matter of Burns Pharmacy v Conley,*

146 AD2d 842, 843). Moreover, they failed to allege an injury different in kind or degree from that suffered by all in the general vicinity (*see, Matter of Buerger v Town of Grafton,* 235 AD2d 984, 985; *Matter of McCabe v Minicozzi,* 227 AD2d 487; *Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 213 AD2d 484, 485; *Matter of Darlington v City of Ithaca,* 202 AD2d 831, 834, *supra*). Accordingly, the Supreme Court properly determined that the petitioners lacked standing.

The intervenor-petitioner, John Scanga, who appears to have been recruited to challenge the Board's determination after the petitioners' standing was called into doubt, owns property adjacent to the monopole where he was allegedly building a residence. As an owner of adjacent land the intervenor-petitioner is entitled to a presumption that he will be adversely affected in a manner different from the public at large (*see, Matter of Rosch v Town of Milton Zoning Bd. of Appeals,* 142 AD2d 765, 766-767; *Matter of Gaona v Town of Huntington Zoning Bd. of Appeals,* 106 AD2d 638; *Matter of Marasco v Luney,* 99 AD2d 493, 494). However, Scanga must also show that the "alleged injury falls within the zone of interest sought to be protected by the statute under which the governmental action is to be taken" (*Matter of Piela v Van Voris,* 229 AD2d 94, 95; *see also, Matter of Kelsky v Town Bd.,* 215 AD2d 482, 483; *Matter of Corbett v New York State Thruway Auth.,* 204 AD2d 542, 543).

The appellants do not allege that the Board committed any environmental review errors. This controversy strictly involves neighborhood opposition to an antenna the appellants want constructed elsewhere. Their legal complaints all revolve around their perception that their opposition was not adequately reviewed. Given the nature of the administrative action, i.e., the issuance of a special use permit for the construction of a cellular phone antenna tower on commercially-zoned property, we are not persuaded that even the intervenor-petitioner truly will suffer any greater or different impacts than the public at large. In any event, because he failed to offer other than conclusory and conflicting assertions that he falls within the zone of interest to be protected by the relevant provisions of the Town Code of the Town of Philipstown allegedly violated by the Board, the intervenor-petitioner does not have standing to challenge the determination in this case (*see, Matter of Piela v Van Voris, supra; Matter of Kelsky v Town Bd., supra; Matter of Corbett v New York State Thruway Auth., supra*). Krausman, J. P., S. Miller, Friedmann and Florio, JJ., concur.