*774 In a proceeding pursuant to CPLR article 78 to review two determinations of the Town Board of Town of Brookhaven, both dated July 25, 2006, which adopted a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8) and granted the application of Caithness Long Island, LLC, for a special permit, waiver, and area variances regarding the construction of a 350-megawatt dual-fuel, combined cycle combustion turbine electric power generator, the Town Board of Town of Brookhaven and Town of Brookhaven appeal, and Caithness Long Island, LLC, separately appeals, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Spinner, J.), dated May 22, 2007, as granted those branches of the petition which were to annul the determinations on the grounds asserted in the fifth and sixth causes of action and to permanently enjoin the Town Board of Town of Brookhaven and Town of Brookhaven from approving the construction of the generator pursuant to the sixth cause of action, and the petitioners cross-appeal, as limited by their brief, from so much of the same judgment as denied those branches of the petition which were to annul the determinations on the grounds asserted in the first, second, third, and fourth causes of action and dismissed that portion of the proceeding.
Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting those branches of the petition which were to annul the determinations dated July 25, 2006, on the grounds asserted in the fifth and sixth causes of action and to permanently enjoin the Town Board of Town of Brookhaven and Town of Brookhaven from approving the *775 construction of the generator pursuant to the sixth cause of action, and substituting therefor a provision denying those branches of the petition and dismissing the proceeding; as so modified, the order and judgment is affirmed insofar as appealed from and cross-appealed from, with one bill of costs to the appellants-respondents and the additional respondent appearing separately and filing separate briefs.
This case concerns the construction of a 350-megawatt dual-fuel, combined cycle combustion turbine electric power generator in the Town of Brookhaven (hereinafter the project). In a prior hybrid proceeding and action commenced by the petitioners, the Supreme Court, Nassau County, inter alia, found that the Long Island Power Authority (hereinafter LIPA), as lead agency, had satisfied its obligations under the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA) by taking a “hard look” at the potential environmental impacts of the project in a final environmental impact statement (hereinafter FEIS). In an order and judgment (one paper) entered August 25, 2006, the Supreme Court, among other things, in effect, dismissed the proceeding, and this Court affirmed that determination (see Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817 [2007]).
The developer, Caithness Long Island, LLC (hereinafter Caithness), thereafter applied to the Town Board of Town of Brook-haven (hereinafter the Town Board) for a special permit to build the project, and for a waiver and area variances regarding the height of the project. At a meeting of the Town Board on June 6, 2006, following public hearings and comments, a motion to approve a resolution to adopt the Town Board’s SEQRA findings statement was denied by a four-to-three vote. The Town Board’s vote on the special permit, waiver, and area variances remained pending and undecided at that time since the SEQRA findings statement had not been adopted. Several work sessions of the Town Board ensued, at which the project was discussed. In one such session held on June 20, 2006, one of the members of the Town Board stated that, before she was prepared to vote again on the resolution, she wanted to visit a facility similar to the proposed project that was located in Rhode Island. At a subsequent Town Board meeting held on July 25, 2006, a motion by one of the members of the Town Board to waive the required 90-day period for reintroduction of the resolution on the SEQRA findings statement was granted. The resolution to approve the SEQRA findings statement thereafter passed by a five-to-two vote. The Town Board also passed the resolution approving the special permit, waiver, and area variances by the *776 same vote count. At the meeting of July 25, 2006, one of the members of the Town Board who had changed the vote he cast at the meeting held on June 6, 2006, explained, inter alia, how his prior concerns regarding the project’s impact on the environment, and the proffered benefits package to be provided by the developer had been assuaged.
The petitioners then commenced this proceeding. The Supreme Court, inter alia, granted those branches of the petition which were to annul the determinations of the Town Board on the grounds asserted in the fifth and sixth causes of action, finding that the Town Board acted in an arbitrary and capricious manner by failing to articulate a reason why it adopted the resolution approving the SEQRA findings statement after the resolution had been previously rejected. The remaining branches of the petition were denied, and the remainder of the proceeding was dismissed. The Town Board and the Town appeal, and Caithness separately appeals, from the provisions of the order and judgment that were adverse to them. The petitioners cross-appeal from so much of the order and judgment as was adverse to them.
Initially, the cross appeal has not been rendered academic and is not barred by the doctrine of laches (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004]; Cohen v Krantz, 227 AD2d 581 [1996]). The Town Board, the Town, and Caithness (hereinafter collectively the appellants) have failed to demonstrate that the project is substantially complete. Further, the petitioners did not delay in instituting legal proceedings and sought to maintain the status quo by seeking a preliminary injunction before construction of the project had begun (see generally Matter of Silvera v Town of Amenta Zoning Bd. of Appeals, 33 AD3d 706 [2006]; Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret, 286 AD2d 906 [2001]; Vitiello v City of Yonkers, 255 AD2d 506 [1998]; Matter of Uciechowski v Ehrlich, 221 AD2d 866, 867-868 [1995]; cf. Matter of Mehta v Town of Montour Zoning Bd. of Appeals, 4 AD3d 657, 657-658 [2004]; Matter of Group for S. Fork v Planning Bd. of Town of Southampton, 306 AD2d 281 [2003]).
The Supreme Court, however, improperly granted those branches of the petition which were to annul the determinations on the grounds asserted in the fifth and sixth causes of action, which alleged that the Town Board acted in an arbitrary and capricious manner by failing to articulate a reason why it passed the resolution approving the SEQRA findings statement after the resolution had been previously rejected. Following the *777 meeting of June 6, 2006, at which the Town Board failed to adopt the resolution, the applications for the proposed land-use approvals were held in abeyance and remained on the Town Board’s meeting agenda as “pending decisions” until July 25, 2006. Further, as the Town Board correctly argues, neither SEQRA nor its implementing regulations contain any provision prohibiting the Town Board from reconsidering its own unchanged SEQRA findings statement. Rather, SEQRA only requires that an involved agency such as the Town Board make its own written findings statement before approving a project subject to an FEIS (see 6 NYCRR 617.2 [p]; 617.11 [c]). Contrary to the petitioners’ contention, 6 NYCRR 617.11 (a) does not preclude a revote under the circumstances presented here since the Town Board did not vote to amend its finding statements but, rather, revoted on a resolution to adopt its own unchanged SEQRA findings statement. Accordingly, the petitioners’ contention that the Town Board lacked the authority and jurisdiction to conduct the revote is without merit. Moreover, the Town Board’s determination to adopt, rather than reject, the resolution to approve the SEQRA findings statement was neither arbitrary nor capricious, but was based on reasons readily apparent on the face of the record.
The Supreme Court properly denied the petitioners’ remaining SEQRA claims and dismissed those portions of the proceeding. Contrary to the petitioners’ contention, the record demonstrates that the Town Board conducted an adequate and appropriate environmental review. In adopting its own findings statement, the Town Board, an involved agency, properly relied upon the FEIS and findings statement prepared by the lead agency, LIPA (see Matter of Village of Pelham v City of Mount Vernon Indus. Dev. Agency, 302 AD2d 399; East Thirteenth St. Community Assn. v New York State Urban Dev. Corp., 189 AD2d 352). Moreover, the petitioners are foreclosed by the doctrines of res judicata and collateral estoppel from claiming that the SEQRA review conducted by LIPA was inadequate since those claims were litigated or could have been litigated in the prior hybrid proceeding and action commenced by the petitioners in the Supreme Court, Nassau County (see Fitzgerald v Hudson Natl. Golf Club, 35 AD3d 533 [2006]).
The Supreme Court properly determined that the petitioners lacked standing to assert their claims challenging the Town Board’s approval of the special permit, waiver, and area variances. The petitioners may not avail themselves of the presumption of injury in fact since they have not demonstrated that their properties lie in close proximity to the project (see Matter *778 of Long Is. Contractors’ Assn. v Town of Riverhead, 17 AD3d 590, 595 [2005]; Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown, 280 AD2d 548 [2001]; Matter of Many v Village of Sharon Springs Bd. of Trustees, 218 AD2d 845 [1995]; Matter of Casement v Town of Poughkeepsie Planning Bd., 162 AD2d 685 [1990]; see also Matter ofPiela v Van Voris, 229 AD2d 94 [1997]), and they have otherwise failed to demonstrate that they will suffer any injury which is “in some way different from that of the public at large” (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774 [1991]; see Matter of Long Is. Contractors’ Assn. v Town of Riverhead, 17 AD3d 590 [2005]).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Lifson, Santucci and Garni, JJ., concur. [See 15 Misc 3d 1138(A), 2007 NY Slip Op 51032(U).]