OPINION OF THE COURT
 

 Jones, J.
 

 A multistate law firm (consisting of partners admitted to practice in different States) may practice law in New York State if at least one of its active partners is admitted to practice in this State, and it may conduct such practice under a firm name comprised of a combination of surnames, although none of them is the surname of a partner licensed to practice in New York. The firm may use a
 
 *133
 
 letterhead and advertisements disclosing the firm name only, but if on either there also appears the name of any individual partner or associate who is not admitted to practice in New York there shall be a clear indication of that fact.
 

 After first making a written request to the Attorney-General, pursuant to the provisions of subdivision 2 of section 476-a of the Judiciary Law,
 
 [1]
 
 the New York Criminal and Civil Courts Bar Association obtained leave from the Supreme Court to bring the present action. The Bar Association, charging defendants with the unauthorized practice of the law, seeks to enjoin Leonard D. Jacoby, Stephen Z. Meyers and Gail J. Koff from practicing law in New York under the name and style of “Jacoby & Meyers” (see Judiciary Law, § 476-b). Supreme Court denied both defendants’ motion to dismiss the complaint and plaintiff’s cross motion for summary judgment. The Appellate Division modified by dismissing the complaint. On further1 appeal to us, appellant has requested that we treat the appeal as though before us on cross motions for summary judgment (as appears to have been the procedural posture assumed by the Appellate Division in making its determination). We affirm.
 

 From the allegations of the complaint and the affidavits submitted by the parties, it appears that Jacoby & Meyers
 
 *134
 
 is a national law firm with numerous offices in the States of California and New York. Leonard D. Jacoby and Stephen Z. Meyers, the name partners, are admitted to practice law in California but not in New York. Gail J. Koff, the partner of the firm resident in New York, is a member of the New York Bar actively engaged in practice in New York who supervises the 20 or so neighborhood offices maintained by the firm in New York State. The firm uses letterheads bearing the firm name with a listing of the locations within the State of New York where the firm maintains offices and the names of its partners, identifying those who are not licensed to practice in New York. The firm also advertises in New York in the firm name without disclosure of the name of any partner or associate.
 

 Plaintiff grounds its action in the provisions of section 478 of the Judiciary Law, which provides in pertinent part:
 

 “Practicing or appearing as attorney-at-law without being admitted and registered
 

 “It shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself in a court of record in this state or in any court in the city of New York, or to furnish attorneys or counsel or an attorney and counsel to render legal services, or to hold himself out to the public as being entitled to practice law as aforesaid, or in any other manner, or to assume to be an attorney or counselor-at-law, or to assume, use, or advertise the title of lawyer, or attorney and counselor-at-law, or attorney-at-law or counselor-at-law, or attorney, or counselor, or attorney and counselor, or equivalent terms in any language, in such manner as to convey the impression that he is a legal practitioner of law or in any manner to advertise that he either alone or together with any other persons or person has, owns, conducts or maintains a law office or law and collection office, or office of any kind for the practice of law, without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state, and without having taken the constitutional oath and without having subscribed and taken the oath or affirmation required by section four hundred sixty-eight of the judiciary law and filed the same in the office of the clerk of the court of appeals as required by said section.”
 
 *135
 
 There is no claim that either Jacoby or Meyers or any other partner or associate of the firm not admitted to practice law in New York is actually practicing law in the State of New York. Rather the gravamen of plaintiff’s complaint is that use of the firm name is a factual misrepresentation that both of the name partners are available to render legal services in New York. We reject this contention and conclude as a matter of law that use of a firm name comprised of surnames, without more, does not constitute any holding out that there are individual partners bearing those surnames who are admitted to practice in New York, or indeed that there are partners in the firm who bear such surnames, wherever admitted. Plaintiff’s attempt to distinguish instances (of which there are many in New York State, particularly in New York City) of the use of firm names made up of surnames of partners one or more of whom are deceased is not persuasive. Its assertion is that the clients, both actual and potential, of such latter firms are sufficiently sophisticated to understand that the use of such firm names constitutes no representation that there is any member of the firm who bears one of the surnames that appear in the firm name. We find no significant difference between the use in a firm name of the surname of a deceased partner and the surname of a partner not practicing in New York. In both instances the firm name is an institutional description and its use constitutes no representation that anyone bearing a surname corresponding to the names in the firm title is available to render professional services.
 

 Disciplinary Rule 2-102(D) of the Code of Professional Responsibility, adopted to prescribe the standards of professional conduct on the part of the burgeoning number of multistate firms, provides: “A partnership shall not be formed or continued between or among lawyers licensed in different jurisdictions unless all enumerations of the members and associates of the firm on its letterhead and in other permissible listings make clear the jurisdictional limitations on those members and associates of the firm not licensed to practice in all listed jurisdictions; however, the same firm name may be used in each jurisdiction.” Although the provisions of the Code of Professional Re
 
 *136
 
 sponsibility are not entitled in all instances to be accorded the status of statute or case law (see
 
 Matter of Weinstock,
 
 40 NY2d 1, 6), in this instance the rule fairly states the appropriate application to multistate law firms of the provisions of section 478 of the Judiciary Law.
 

 The practice of law by firms comprised of partners and associates some of whom are not residents of the State of New York
 
 [2]
 
 and some of whom are not licensed to practice law in the State is not, as such, prohibited under our State law.
 
 [3]
 
 It is the policy of the State of New York to foster the availability of a wide range of professional services by lawyers qualified to render them. But no natural person, whether or not a partner or associate of a multistate firm, may practice law in New York State unless he or she is admitted to practice here. The practice of law by multistate firms, therefore, may be conducted in New York only by partners and associates who are licensed to practice in this State. No claim is advanced in this case, however, that the practice of the firm of Jacoby & Meyers is conducted in New York State other than by lawyers who are admitted to practice here.
 

 The firm may use a letterhead disclosing only its firm name and may advertise the availability of its services under the firm name alone provided that it has an active partner who is admitted to practice in New York. If, in either instance, reference is made to the names of individual lawyers who are partners or associates of the firm but not members of the New York Bar, there must be a clear indication that each such individual lawyer is not admitted to practice in New York State.
 

 
 *137
 
 There having been no tender of evidence in admissible form that defendants or the firm of Jacoby
 
 &
 
 Meyers are violating any of the foregoing rules of law, defendants were entitled to summary judgment dismissing the complaint.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . Judiciary Law, § 476-a provides:
 

 “Action for unlawful practice of the law
 

 “1. The attorney-general may maintain an action upon his own information or upon the complaint of a private person or of a bar association organized and existing under the laws of this state against any person, partnership, corporation, or association, and any employee, agent, director, or officer thereof who commits any act or engages in any conduct prohibited by law as constituting the unlawful practice of the law.
 

 “The term ‘unlawful practice of the law’ as used in this article shall include, but is not limited to,
 

 “(a) any act prohibited by penal law sections two hundred seventy, two hundred seventy-a, two hundred seventy-e, two hundred seventy-one, two hundred seventy-five, two hundred seventy-five-a, two hundred seventy-six, two hundred eighty or fourteen hundred fifty-two, or
 

 “(b) any other act forbidden by law to be done by any person not regularly licensed and admitted to practice law in this state, or
 

 “(c) any act punishable by the supreme court as a criminal contempt of court under section seven hundred fifty-B of this chapter.
 

 “2. Such an action may also be maintained by a bar association organized and existing under the laws of the state of New York, upon an application to the supreme court of the state of New York, or a justice thereof, for leave to bring the same by such bar association on good cause shown therefor and proof that a written request was made upon the attorney-general to bring such an action and that more than twenty days have elapsed since the making of such request and he has failed or refused to bring such an action.”
 

 [2]
 

 . (Cf.
 
 Matter of Gordon,
 
 48 NY2d 266 [residence in the State of New York not required for admission to practice law].)
 

 [3]
 

 . Opinions issued by the ethics committees of the New York State Bar Association and the Association of the Bar of the City of New York recognize the ethical propriety of such practice: New York State Bar Association — Opinion No. 434 (“a partnership may properly be formed among lawyers admitted to practice in different states”), Opinion No. 344 (“Code recognizes the propriety of a partnership among lawyers licensed in different jurisdictions”), Opinion No. 175 (“a multi-state law firm practicing in New York may use the same name as in other states”) and Opinion No. 144 (“partnerships may properly be formed between lawyers admitted to practice in different states”); Association of the Bar of the City of New York — Opinion No. 82-13 (“DR 2-102[D] of the Code of Professional Responsibility provides that with respect to a partnership ‘between or among lawyers licensed in different jurisdictions * * * the same firm name may be used in each jurisdiction.’ ”)