OPINION OF THE COURT
Joel M. Goldberg, J.
The defendant’s motion to dismiss the purported misdemeanor information charging violation of Judiciary Law § 478 was granted by this court in an oral decision on June 14, 1990. The following is the court’s written decision and order.
*604 The information alleges, in pertinent part, that at the Supreme Court Building in Richmond County, the defendant "did hold himself out to be an attorney” in attempting to gain entrance to the courthouse prisoner holding facility and that the defendant is not registered as an attorney with the New York State Office of Court Administration.
The People’s bill of particulars alleges that the defendant stated "he was an attorney and that he had an attorney’s pass from the Department of Corrections and the defendant then flashed a pass at a Department of Corrections Officer and Duane Felton, Esq.” It is further alleged in the bill of particulars that upon gaining entrance to the prisoner holding facility, the defendant stood outside of a cell and conversed with a prisoner about that prisoner’s pending case.
In pertinent part, Judiciary Law § 478 makes it unlawful for a person not licensed and admitted to practice in New York "to practice or appear * * * as an attorney * * * in a court * * * or to hold himself out to the public as being entitled to practice law * * * or to assume to be an attorney * * * or to assume, use, or advertise the title of lawyer, or attorney * * * or equivalent terms in any language”. Judiciary Law § 485 makes violation of section 478 a .misdemeanor.
Read literally, Judiciary Law § 478 applies to the defendant’s conduct since he "assumed” (i.e., "pretended”) to be an attorney. Nevertheless, research has failed to disclose an application of the statute to circumstances not involving either an appearance in court, the performance of legal services, the giving of legal advice, or the representation that one is an attorney for commercial purposes. (See, New York Criminal & Civ. Cts. Bar Assn. v Jacoby, 61 NY2d 130 [1984]; People v Life Science Church, 113 Misc 2d 952 [Sup Ct, NY County 1982], appeal dismissed 93 AD2d 774 [1st Dept 1983], appeal dismissed 60 NY2d 643 [1983], lv denied 61 NY2d 604 [1984], cert denied 469 US 822 [1984]; El Gemayel v Seaman, 72 NY2d 701 [1988]; Blunt v Northern Oneida County Landfill, 145 AD2d 913 [4th Dept 1988].)
In this case, the People contend that merely pretending to be an attorney violates the statute regardless of whether the actor gives anyone legal advice, legal representation or even intends to do so. This broad interpretation is strained and would result in application of the statute’s criminal sanctions to conduct beyond the statute’s intended scope. The purpose of *605 the statute is to protect the public from " 'the dangers of legal representation and advice given by persons not trained, examined and licensed for such work’ ” (El Gemayel v Seaman, supra, at 705, quoting Spivak v Sachs, 16 NY2d 163, 168 [1965]).
The acts of the defendant in pretending to be an attorney in order to gain access to a prisoner holding facility, while perhaps punishable under other statutes, simply do not represent the threat to the public sought to be prevented by Judiciary Law § 478.
Although now outside the Penal Law, Judiciary Law § 478 was originally enacted as section 270 of the Penal Law of 1909. It is, therefore, appropriate to construe Judiciary Law § 478 according to Penal Law standards which require that a statute’s provisions "must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law § 5.00.) Thus, while the People’s literal interpretation of the statute may apply to the defendant’s conduct, the conduct itself is not within the intended scope of the statute and, therefore, the defendant should not be prosecuted thereunder. (People v Hedgeman, 70 NY2d 533, 537 [1987]; People v Sansanese, 17 NY2d 302, 306 [1966]; People v Wood, 8 NY2d 48, 51 [I960].)
It is critical that the information does not specify that the defendant actually gave or intended to give legal advice to anyone. Even if the People’s bill of particulars can be construed as indicating that legal advice was given when the defendant "conversed with a prisoner about that prisoner’s case”, a defective information cannot be cured by hearsay statements in a bill of particulars or even by proof of the missing elements at trial. (People v Alejandro, 70 NY2d 133, 138 [1987].)
The defendant may be chargeable with criminal trespass (Penal Law § 140.05), if he used deception to gain permission to enter an area restricted to attorneys. (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 140, at 9.) However, the People declined an opportunity offered by the court to add this charge pursuant to CPL 100.45 (3). In addition, there may be facts available to charge criminal impersonation in the second degree (Penal Law *606 § 190.25 [1]), and/or criminal possession of a forged instrument (Penal Law §§ 170.20, 170.25). However, the facts alleged do not support the charge of violation of Judiciary Law § 478 and that charge is hereby dismissed pursuant to CPL 170.35 (1) (a) (People v Case, 42 NY2d 98 [1977]).