**Victor A. DEPONCEAU, Alex Castrechini, Josephine V. Langill, and New York Jail (4) Judges, Plaintiffs,**

**v.**

**George PATAKI, Judith Kaye, Thomas M. Vanstrydonck, Raymond E. Cornelius, Anthony J. Sciolino, Ronald W. Pawelczak, Clerk of Court, Charles S. Turner, County Attorney, New York State Child Abuse and Maltreatment Register, David R. Peters, Director Monroe County Child Protective Service, Katherine Bonisteel, Casework-**

er, **Bob Barnes, Caseworker Supervisor, Maureen Spencer, Caseworker, John Seebach, Caseworker Supervisor, Trudy Walgrove, Caseworker, Ellen McCauley, Caseworker Supervisor, Frank Howard, Law Guardian, Wendy Welch, Law Guardian, David Spoto, Jeffrey M. Jayson, Esq., Society for Prevention of Cruelty to Children, Luz Sanchez, Diane Field, Dan M. Walters, James Langill, Betsy L. Album, Patricia Langill, Cindy Backus, Linda Lohner Pilato, Support Magistrate, and Supreme Court of the United States, Defendants.**

No. 04–CV–6174L(FE).

United States District Court,
W.D. New York.

April 27, 2004.

Victor A. DePonceau, Rochester, NY, pro se.

## DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

Plaintiffs have filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and have paid the filing fee. For the reasons discussed below, the complaint is dismissed with prejudice.

### DISCUSSION

#### A. The Complaint

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S.

41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). Based on its evaluation of the complaint, the Court finds that the action must be dismissed.

The Complaint filed in this action violated the pleading requirements of the Federal Rules of Civil Procedure, Rules 8 and 10, and it is impossible to determine from the papers the nature of the alleged violations or the involvement of the named defendants in the various complained-of events. The purported nine "Causes of Action" captions have been inserted throughout the papers willy-nilly without regard to issue, facts, party, or even pagination.[1] Throughout the Complaint, it is impossible to discern which, if any, of the allegations relate to any of the plaintiffs, much less "to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). Unnamed individuals are referred to in both the third and first person pronoun within the separate "claims" without any clues as to whom the claim refers. The exhibits are of no more use—ranging from photocopies of "Dear Abby" to lists of quotations from Webster's and Black dictionaries. The ninth "cause of action" consists solely of the request for relief, which in itself is confusing. Plaintiffs state they are seeking "$56,000,000.00 (twenty eight million dollars)" and request that "all state officials be asked to step down on these cases and a civil rights violation under

federal law be administrated to each defendant in lawsuit of five years in prison or an additional $250,000.00 or both." (Docket No. 1).

"When a complaint fails to comply with [the requirements of the Federal Rules of Civil Procedure], the district court has the power, on motion or *sua sponte,* to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995). Yet it is not for this reason alone that the action is dismissed.

**B. DePonceau and New York Jail (4) Judges**

Plaintiff Victor A. DePonceau (DePonceau) has apparently drafted and filed this complaint on behalf of the other plaintiffs. He claims that he has been "attained" [sic] to assist Alex Castrechini ("Castrechini") and Josephine V. Langill ("Langill") by protecting their constitutional rights as a "Pro Se/Advocate" in two separate family court matters. (Complaint, pp. 2–3 "First Cause of Action"). He contends that he may speak or defend a person without a license to practice law, by virtue of their granting him power of attorney.

DePonceau previously filed federal actions on his own behalf, in which he raised similar issues and set forth his vigorous disagreement with previous state court decisions in actions to which he was a party.[2] Nevertheless, none of the complained-of events or decisions referred to in this action appear to have personally involved or impacted DePonceau. Similarly, there is no indication of any standing on

---

1. Neither the paragraph nor the pages are numbered in the Complaint. The eighth and ninth causes of action follow the sixth, with the seventh cause of action inserted into the ninth.

2. DePonceau has filed two previous actions in this Court: *DePonceau v. Bush, et al.* (Civil Docket Number 02–CV–6518T) and DePonceau v. State Street Bank & Trust Co., et al. (Civil Docket No. 04–CV–6044CJS). Both were dismissed for lack of subject matter jurisdiction.

the part of New York Jail (4) Judges ("Jail"). This plaintiff is neither discussed or further identified in the complaint. Without a personal stake in the outcome of this action, DePonceau and Jail do not have standing to pursue any of these claims. *See Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *and see Sierra Club v. Morton,* 405 U.S. 727, 734–35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

■ The party seeking to invoke the jurisdiction of the court bears the burden of establishing that he has met the requirements of standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Jaghory v. New York State Dept. of Educ.,* 131 F.3d 326 (2d. Cir.1997).

A federal court has jurisdiction only if a claim presents a "case" or "controversy" under Article III of the U.S. Constitution. This "irreducible constitutional minimum" of standing requires (1) that the plaintiff has suffered an "injury in fact," i.e., an invasion of a judicially cognizable interest which is concrete and particularized as well as actual or imminent, rather than conjectural or hypothetical; (2) that there is a causal connection such that the injury is fairly traceable to the challenged conduct; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Center for Reproductive Law and Policy v. Bush,* 304 F.3d 183, 191 (2d. Cir.2002) (quoting in *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "[W]hen a plaintiff lacks standing the court must dismiss the case on that ground, and it is unnecessary to intimate a view as to the merits of the claim." *Schiavone v. United States,* 766 F.2d 70, 75 (2d Cir.1985) (quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 n. 6,

93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)). Accordingly, to the extent that DePonceau intended to raise claims on his own behalf, he has no standing and such claims are dismissed.

■ To the extent that DePonceau is raising claims on behalf of the other plaintiffs, such representation is not permitted in federal court. Section 1654 of 28 U.S.C. provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. Thus, individual plaintiffs may appear "pro se" on their own behalf. Nevertheless, plaintiffs have no statutory nor constitutional right to be represented in federal court by a non-lawyer. *See e.g., Phillips v. Tobin,* 548 F.2d 408, 411 n. 3 (2d Cir.1976).

■ DePonceau may not appear *pro se* on behalf of Castrechini and Langill. A *pro se* plaintiff may not seek to represent the interests of third-parties. *See Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998); *and see Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) (parent may not appear *pro se* on behalf of his or her minor child); *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir. 1997) ("administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant").

The fact that Castrechin and Langill have granted DePonceau power of attorney to represent them does not authorize him to act as their counsel on this action "New York law 'prohibits the practice of law in this state on behalf of anyone other than himself or herself by a person who is not an admitted member of the bar, regardless of the authority purportedly conferred by execution of a power of attor-

ney.'" *People ex rel. Field on Behalf of Field v. Cronshaw,* 138 A.D.2d 765, 526 N.Y.S.2d 579 (2d Dep't 1988) (citing N.Y. Judiciary Law §§ 478, 484 and *New York Criminal & Civil Courts Bar Assn. v. Jacoby,* 61 N.Y.2d 130, 136, 472 N.Y.S.2d 890, 460 N.E.2d 1325 (1984)); *and see Mandeville, et al v. Wertheimer, et al.,* 2002 WL 432689 (Mar.19, S.D.N.Y.2000)(quoting *People ex rel. Field* ).

To the extent that DePonceau is attempting to formalize his support of Castrechini or Langill in some capacity other than as counsel, plaintiffs have neither argued nor presented any evidence that anyone in this action requires additional assistance, either because of an inability to read or speak English or some other impairment that limits their ability to act on their own behalf. *Compare Catalano v. Shell Oil Co.,* 1996 WL 715534 (S.D.N.Y.1996). There is simply no basis, presented or implied, for DePonceau's involvement in this action. Accordingly, DePonceau is terminated as a party to this action.

## C. Lack of Jurisdiction Over Claims

To the extent that Castrechini and/or Langill are proceeding *pro se,* the complaint must be dismissed for lack of subject matter jurisdiction. "It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994) (internal citations omitted). Moreover, "[w]here jurisdiction is lacking, . . . dismissal is mandatory." *Id.; see also* Fed. R.Civ.P. 12(b)(1) and 12(h)(3).

■ The gist of their allegations is that they object to state court child custody determinations and the attendant proceedings. Castrechini objects to state court consideration of allegations of his misconduct and to the requirement that he pay child support without having child custody. Langill objects to interim decisions regarding child custody in her state court proceedings. There does not appear to be any common proceeding or relationship between Castrechini's and Langill's state court proceedings, other than their disappointment with the decisions. Castrechini also accuses the state court judge who presided over the state court proceeding of publically defaming him by discussing the alleged abuse in court.

■ To the extent that plaintiffs are challenging child custody determinations made in New York State Family Court, such claims must be dismissed. Under the principles of federalism that provide for separate state and federal courts, federal courts do not have jurisdiction to consider challenges to state court orders affecting parental rights and child custody issues. *See Lehman v. Lycoming County Children's Services Agency,* 458 U.S. 502, 511, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982). Furthermore, the Supreme Court held in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus (the "Rooker–Feldman doctrine").

■ "A plaintiff ... 'may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.'" *Brooks–Jones,* 916

F.Supp. 280, 281–282 (S.D.N.Y.1996) (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir.1993) (quotation omitted), *cert. denied*, 510 U.S. 1046, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994)). Federal courts do not have subject matter jurisdiction over constitutional claims that collaterally attack a state court judgment, if the § 1983 claims are "inextricably intertwined" with the state court judgment. *See Feldman*, 460 U.S. at 482–83 n. 16, 103 S.Ct. 1303. The question of whether a federal claim is "inextricably intertwined" with a state court judgment varies with the circumstances of each case, but the crucial point is whether in reality "the district court is . . . being called upon to review the state court decision" *Id.* "Where federal relief can only be predicated upon a decision that the state court was wrong, the § 1983 claim cannot, in substance, be viewed as anything other than a prohibited appeal of the state court judgment." *Brooks–Jones*, 916 F.Supp. at 282. "This court may not review the family court's determinations regarding custody, neglect and visitation, as those issues were decided by the family court after providing [plaintiffs] a full and fair opportunity to litigate those issues." *Phifer v. City of New York*, 289 F.3d 49, 57 (2d. Cir.2002) (citing *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir. 1996) (stating that inferior federal courts do not have subject matter jurisdiction over cases that effectively seek review of judgments of the state courts)). Accordingly, these claims challenging the state court decisions must be dismissed.

■ To the extent that plaintiffs are claiming the defendants violated their constitutional rights in some other fashion, such claims must be dismissed. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir.1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir.1994)). In order for a plaintiff to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995). Since plaintiffs have made no specific allegations whatsoever about the involvement of the vast majority of their twenty-nine named defendants in the complained-of events, who appear to have been named solely because of their official position in New York State government or agency, the claims against them must be dismissed.

■ Moreover, several of the defendants are either state court judges or court employees, who would have immunity. "Judges performing judicial functions within their jurisdictions are granted absolute immunity." *Hili v. Sciarrotta*, 140 F.3d 210, 214 (2d Cir.1998) (citing *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)); *and see, e.g., Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Court clerks and employees, when performing judicial function, have absolute quasi-judicial immunity from damages for civil rights violations. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir.1997) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433–34 n. 8, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993)). Thus, even if plaintiffs could somehow fashion a claim against these defendants, the action would not proceed against them.

Plaintiffs have not established that this court has subject matter jurisdiction over any of the allegations in this action, not set

forth cognizable constitutional claims, and not provided any indication that their claims could proceed against any of the defendants. While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir.1990), especially where a complaint has been submitted *pro se, Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir.1994), such leave may be denied where amendment would be futile, such as in this case. Accordingly, the complaint is dismissed with prejudice.

## CONCLUSION AND ORDER

DePonceau lacks standing to sue on his own behalf, and is barred from representing the interests of the other plaintiffs. The Complaint fails to meet the requirements of the Federal Rules of Civil Procedure, and the Court lacks subject matter jurisdiction over the claims. Plaintiffs have failed to set forth, or implicate, any claim for which they could be granted relief in federal court. These errors cannot be corrected through amendment. Accordingly, the complaint is **dismissed with prejudice.**

The Clerk of the Court is directed to mail a copy of this order to defendants, as it appears they have already been served.

IT IS SO ORDERED.