■ In the Matter of WAL-MART STORES, INC., et al., Appellants, v GREGORY CAMPBELL, as Chairman of the New York State Adirondack Park Agency, et al., Respondents. [656 NYS2d 536] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered May 20, 1996 in Essex County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia*, granted a motion by certain respondents to dismiss the petition/complaint as moot.

In January 1995, petitioner Wal-Mart Stores, Inc., which

---

was seeking the approvals necessary to construct a large retail store in the Town of North Elba, Essex County, was notified by respondent Adirondack Park Agency (hereinafter the APA) that its building proposal, as revised, would not be subject to review by the APA as a "class A regional project" (Executive Law § 809 [1]; § 810 [1]).* While review of the revised structure was continuing before the Town Planning Board, respondent North Elba Town Board enacted Local Laws, 1995, No. 3 of the Town of North Elba (hereinafter Local Law No. 3), which designated a certain class of commercial uses, including that proposed by Wal-Mart, as class A regional projects subject to APA review, upon the latter's acceptance of jurisdiction thereof (see, Executive Law § 810 [1] [a] [2]). Thereafter, the APA acceded to the Town Board's offer, with the caveat that it would only exercise its newly conferred review power with respect to projects that had already been approved by the Planning Board.

In this combined CPLR article 78 proceeding and action, petitioners (Wal-Mart and the owner of the land on which the proposed store is to be built) seek (1) annulment of Local Law No. 3 and the agreement between the Town and the APA, on a variety of substantive and procedural grounds, and (2) a declaration that they acquired "vested rights" to pursue their construction plans without complying with the new mandates. While respondents' motion to dismiss the petition for, *inter alia*, lack of ripeness was pending, the Planning Board denied petitioners' application for a special use permit. Respondents thereupon amended their motion, adding the grounds of mootness and lack of standing, and submitted supplemental supporting affidavits. Petitioners opposed the motion, and cross-moved for an order consolidating this proceeding/action with their article 78 proceeding challenging the Planning Board's action. Respondents then cross-moved to stay this action pending the outcome of their article 78 proceeding. Supreme Court dismissed the petition as moot and, in light of that decision, denied the other motions; petitioners appeal.

We affirm. Petitioners' claims are not ripe for judicial review, for they have not yet suffered any concrete injury as a result of the administrative actions at issue (*see, Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520, *cert denied* 479 US 985). The mere fact that petitioners may have to endure the

---

* Wal-Mart had revised its building plans after being informed that the project, as originally designed, would have been subject to APA review, as it entailed construction of a structure over 40 feet in height (*see,* Executive Law § 810 [1] [a] [4]).

APA review process is not sufficient, without more, to constitute injury for this purpose (*see, Matter of Hunt Bros. v Glennon*, 81 NY2d 906, 910). Moreover, even that "harm" will not eventuate unless petitioners' proposal is first approved by the Planning Board. Absent such approval, which has not and may never be forthcoming, Local Law No. 3 (and the associated agreement between the Town and the APA) will not have any impact upon petitioners. Where, as here, "the harm sought to be enjoined is contingent upon events which may not come to pass, the claim * * * is nonjusticiable as wholly speculative and abstract" (*Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo*, 64 NY2d 233, 240; *see, Matter of Jamaica Water Supply Co. v Public Serv. Commn.*, 152 AD2d 17, 20-21). The petition/complaint was therefore properly dismissed.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.