■ In the Matter of Mary J. O'Donnell et al., Appellants, v Town of Schoharie et al., Respondents. [738 NYS2d 459] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered October 18, 2000 in Schoharie County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Schoharie granting a special use permit.

Petitioners are landowners in and residents of the Town of Schoharie, Schoharie County. In September 1997, respondent Zoning Board of Appeals of respondent Town of Schoharie (hereinafter the ZBA) approved a special use permit for re-

spondent Matthew Fagnani for the development of the Schoharie Business Park. The ZBA's resolution approving Fagnani's special use permit accepted a final generic environmental impact statement (hereinafter GEIS) for this project and adopted the conditions established in the GEIS and the statement of findings and decision (hereinafter the statement) that was simultaneously issued by the ZBA requiring Fagnani "to apply for a special use permit for each individual building project proposed for the Schoharie Business Park."

In February 1999, Fagnani applied for a special use permit to construct a convenience store and gas station in the business park, which the ZBA approved in April 2000 with numerous conditions. Petitioners commenced this CPLR article 78 proceeding seeking a judgment annulling the special use permit, enjoining the issuance of the permit and staying construction of the approved gas pumps.[1] Fagnani's, the Town's and the ZBA's answers each asserted affirmative defenses including, inter alia, lack of standing and the failure to exhaust administrative remedies. Supreme Court determined that several petitioners lacked standing, that petitioners' challenge to that portion of the special use permit which approved the construction of gas pumps was untimely[2] and the ZBA's determination to grant the special use permit in April 2000 was "not made in violation of lawful procedure, was not affected by an error of law and was not arbitrary or capricious or an abuse of discretion," and it dismissed the petition. Petitioners now appeal.

Turning first to the threshold determination of standing (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769), we note that parties seeking judicial review of a zoning determination have the burden of establishing that they have standing to raise their claim (see, id. at 769) by demonstrating that they are aggrieved thereby (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 412), which may be presumptively demonstrated by a showing of close proximity to the property at issue (see, id. at 414). Those petitioners who lived adjacent to or directly across the highway from the business park presumptively demonstrate (see, Matter of McGrath v Town Bd. of Town of N.

---

1. No temporary relief was sought in the proceeding, which was commenced by the filing of a notice of petition and petition.

2. Petitioners state in their brief that they "are not appealing the initial Findings of Fact or GEIS" approved in September 1997, which listed a gasoline station as a permitted land use within the Schoharie Business Park. However, petitioners' challenge to the actions of the ZBA in April 2000 was timely commenced.

*Greenbush*, 254 AD2d 614, 615, *lv denied* 93 NY2d 803; *Matter of Sopchak v Guernsey*, 176 AD2d 403) that they have sustained damage different from the public at large (*see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 414; *see also, Matter of Oates v Village of Watkins Glen*, 290 AD2d 758), and we agree with Supreme Court that they have standing in this proceeding. We also agree that Supreme Court properly denied standing to the remaining petitioners, whose bald claims that they will be "environmentally impacted" by this project failed to establish any "aesthetic or quality of life type injuries" which could serve as a basis for standing (*see, e.g., Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y.*, 259 AD2d 26, 32).

As to the substantive issues, we first consider whether the findings and determinations regarding environmental issues made by the ZBA in April 2000 were properly found to be "entirely reasonable and rational based on the record before [it]." Our review of the ZBA's environmental determination under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) is limited to whether the determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688; *see, Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y.*, 224 AD2d 95, 100, *lv denied* 89 NY2d 802). The record reveals ample support for the ZBA's determination that the proposed project met the conditions imposed by the September 1997 GEIS and statement, obviating the necessity for supplemental environmental review. The ZBA required Fagnani to submit a short environmental assessment form (hereinafter EAF) which, in addition to providing the ZBA with the necessary information to conduct its environmental review, indicated that this project complied with existing zoning and other land use restrictions. Upon its review of the EAF, the ZBA found no violation of existing zoning restrictions and specifically determined that the applicable SEQRA requirements (*see*, 6 NYCRR part 617) had been met. The ZBA also addressed the issue of curb cuts and the project's effect on the adjoining State Route 30A, and additional environmental concerns were addressed by the conditions attached to the special use permit approved for this project.

Petitioners' claim that the ZBA's approval of Fagnani's April 2000 special use permit violated that portion of the Town's

zoning ordinance which does not permit a gasoline station in a planned industrial development district (hereinafter industrial district) ignores the ZBA's previous approval of Fagnani's September 1997 special use permit. That permit lists a gasoline station as a permitted use within the business park, which is zoned as an industrial district. "Inasmuch as no proceeding was ever brought to challenge the issuance of [the September 1997] special use permit, the proposed use of the [gasoline station] was rendered unassailable" (*Matter of Gershowitz v Planning Bd. of Town of Brookhaven*, 52 NY2d 763, 765).

Moreover, in their proceedings before the ZBA, petitioners never challenged the statement in Fagnani's EAF that his proposed use complied in all respects with the zoning ordinance (*see, Matter of Vergata v Town Bd. of Town of Oyster Bay*, 209 AD2d 527, 528, *lv denied* 85 NY2d 802), and their challenge to the ZBA's April 2000 resolution, based upon their allegation that the proposed gasoline station was impermissibly within 1,000 feet of a school in violation of Town of Schoharie Zoning Ordinance § 4.42 (5), cannot now be raised for the first time in this proceeding (*see, Matter of Parisella v Zoning Bd. of Appeals of Town of Fishkill*, 188 AD2d 712, *lv denied* 82 NY2d 653). Consequently, we conclude that Supreme Court properly dismissed the petition.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.