■ In the Matter of WIDEWATERS ROUTE 11 POTSDAM COMPANY, LLC, Appellant, v TOWN OF POTSDAM et al., Respondents. [858 NYS2d 820]—

---

Spain, J. Appeals (1) from a judgment of the Supreme Court (Demarest, J.), entered July 19, 2007 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondents' motions to dismiss the petition, and (2) from a judgment of said court, entered October 10, 2007 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, among other things, denied petitioner's motion for a preliminary injunction.

In May 2006, respondent Patience Realty, LLC submitted an application for site plan approval and a special use permit in order to construct retail space on its real property located in the Town of Potsdam, St. Lawrence County, which has frontage on US Route 11 (hereinafter the Patience parcel). Petitioner's real property, which is contiguous to and in back of the Patience parcel, has frontage on Morley-Potsdam Road, but no frontage on US Route 11. Respondent Town of Potsdam Planning Board held a public hearing on the application in June 2006. Over the course of the following months, the Board worked with Patience to conform the plans to town requirements concerning, among other things, traffic, water, drainage and wetland delineation and, at one point, the Board indicated its intent to require, as a condition of approval, that Patience grant an easement over its property to petitioner's parcel. However, at a February 2007 special meeting of the Board for which public notice was given, the Board again indicated its preference that Patience negotiate with petitioner to grant petitioner an easement, so as to keep traffic off of Morley-Potsdam Road, but did not make such an easement a condition of approval. The Board then issued a negative declaration of environmental significance, conditionally approved Patience's site plan, and granted a special use permit.

In April 2007, petitioner commenced this CPLR article 78 proceeding to challenge the issuance of the site plan approval and special use permit by the Board to Patience, claiming that the Board failed to comply with the requirements of the State Environmental Quality Review Act (hereinafter SEQRA) (see ECL art 8) and the Town Law. In lieu of filing an answer, respondents moved to dismiss the petition for lack of standing. Petitioner cross-moved for leave to file an amended petition. Following oral argument, Supreme Court denied petitioner's cross motion and granted respondents' motions to dismiss the

petition for want of standing. Petitioner moved to reargue and for issuance of a preliminary injunction, which motion was denied in October 2007. Petitioner now appeals from both the July and October 2007 judgments. We affirm.

Initially, we concur with Supreme Court's conclusion that petitioner lacks standing to assert its SEQRA claims. To meet its burden of demonstrating its entitlement to standing (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]; *Matter of O'Donnell v Town of Schoharie*, 291 AD2d 739, 740 [2002]), petitioner had to "demonstrate that it will suffer an injury that is environmental and not solely economic in nature" (*Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433 [1990]; *see Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 615 [1998], *lv denied* 93 NY2d 803 [1999]; *see also* ECL 8-0103; *Matter of O'Donnell v Town of Schoharie*, 291 AD2d at 740). Here, the harm alleged is that the Town's approval of the proposed development of the Patience parcel without requiring an easement to provide petitioner's parcel with direct access to US Route 11 will negatively impact petitioner's ability to develop its parcel in the future. Although petitioner alleges that the proposed construction would impact traffic patterns, the cited potential negative implication of such changes is only the alleged economic impact on petitioner's parcel. Accordingly, we fully agree with Supreme Court that petitioner's claims are economic rather than environmental in nature and, because "economic injury [alone] does not confer standing to sue under SEQRA" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 777; *see Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d at 615), petitioner lacks standing to bring its SEQRA claims (*see Matter of Nature's Trees v County of Nassau*, 293 AD2d 544, 546 [2002], *lv denied* 98 NY2d 608 [2002]).

Petitioner's sole remaining cause of action alleges a violation of the public hearing requirements set forth in Town Law § 274-b. To challenge governmental action in a land use matter, a petitioner must demonstrate direct harm, different from that suffered by the public at large (*see Matter of Ziemba v City of Troy*, 37 AD3d 68, 70-71 [2006], *lv denied* 8 NY3d 806 [2007]; *Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d 651, 652 [2004]). Petitioner must also demonstrate that its interest is "within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *see Matter of Graziano v County of Albany*, 3 NY3d 475, 479 [2004]).

Where, as here, a petitioner's property is immediately adjacent to the subject property, an inference arises of harm or injury different from that of the public at large (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687 [1996]; *Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d 977, 978 [2006]; *see also Matter of Ziemba v City of Troy*, 37 AD3d at 71). The injuries alleged by petitioner, however, do not flow from the proposed construction, but from the Town's failure to condition their approval of the project on the creation of an easement that does not currently exist. This is not a mitigation measure designed to lessen some claimed negative environmental impact, but a proactive measure proposed by petitioner to enhance the value of its property. Further, no indication exists that petitioner has actual plans to develop the parcel or that it has explored the option of obtaining access to US Route 11 over other adjacent property. At this juncture, any alleged harm is purely speculative (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d at 213). Inasmuch as the claimed injuries are speculative and petitioner's own description of the injury negates the presumption of direct harm, as opposed to mere dissatisfaction with the status quo, we find that it lacks standing to assert its ultimate cause of action as well. Because petitioner would also lack standing to assert those claims alleged in the amended petition, we hold that Supreme Court also correctly denied its cross motion for leave to file the amended petition (*see U.W. Marx, Inc. v Mountbatten Sur. Co.*, 290 AD2d 621, 623 [2002]).

Likewise, based on petitioner's want of standing, Supreme Court appropriately refused to issue a preliminary injunction because petitioner cannot demonstrate "a likelihood of success on the merits" (*Battenkill Veterinary Equine v Cangelosi*, 1 AD3d 856, 857 [2003]; *see Marietta Corp. v Fairhurst*, 301 AD2d 734, 736 [2003]).

Cardona, P.J., Mercure, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgments are affirmed, without costs.