■ In the Matter of BRUNSWICK SMART GROWTH, INC., et al., Appellants, v TOWN OF BRUNSWICK, Respondent. [901 NYS2d 387]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered July 30, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the amended petition.

Petitioner Brunswick Smart Growth, Inc., a citizen action group, and two individuals who reside in the Town of Brunswick, Rensselaer County, commenced this CPLR article 78 proceeding challenging the procedures that respondent has adopted for approving development projects. They contend that those procedures are defective in that respondent's 2001 comprehensive plan fails to comply with Town Law § 272-a (10) because it does not specifically provide for periodic review, respondent neglected to properly update its zoning regulations, respondent implemented a practice of approving projects that are inconsistent with its comprehensive plan, and respondent did not consider the cumulative environmental impact of projects. Supreme Court granted respondent's motion to dismiss upon the ground that petitioners lacked standing. Petitioners appeal.

The dual showing typically required for standing includes establishing an injury-in-fact and demonstrating that such injury falls within the zone of interests protected by the pertinent statute or regulation (*see Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 409-410 [2000]). In land use cases, the test is framed in terms of " 'direct harm,' " which " 'is in some way different from that of the public at large' " (*Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 304 [2009], quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]). While geographical proximity provides one potential avenue to standing in land use cases, it is not an indispensable element (*see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d at 305).

Here, petitioners acknowledge that they are not contesting any particular development project that has been approved by respondent. They set forth in their brief that they are "seeking to enjoin the practices and procedures that [respondent] uses to approve [development] projects, rather than the projects themselves." Petitioners summarize in the conclusion of their brief that they seek "standing to challenge a 'general' action of a governmental body" without showing any special harm. Similarly, the entity appearing amicus curiae urges standing should be available to "challenge potential general harm."

Potential general harm does not constitute direct harm. The Court of Appeals has recently reiterated that standing in environmental cases is not automatic, and the people or entities pursuing such cases must establish that "their injury is real and different from the injury most members of the public face" (*id.* at 306; *see generally* 4 Rathkopf, Zoning and Planning

§§ 63:3, 63:13 [4th ed]). Several speculative scenarios are currently feasible in this case, including that respondent simply may not act in the fashion that petitioners predict or, if it does, at least one of Smart Growth's many members may be sufficiently affected to provide organizational standing (*see generally Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d 651, 652-653 [2004]; 4 Rathkopf, Zoning and Planning § 63:17 [4th ed]). " '[T]enuous' and 'ephemeral' harm . . . is insufficient to trigger judicial intervention" (*Rudder v Pataki*, 93 NY2d 273, 279 [1999]; *see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 214 [2004]).

In addition, it merits noting that the speculative nature of petitioners' claim at this time not only fails to satisfy the elements of standing, but also, as urged alternatively by respondent, raises serious issues regarding whether the claim is justiciable (*see American Ins. Assn. v Chu*, 64 NY2d 379, 383 [1985], *appeal dismissed and cert denied* 474 US 803 [1985]).

The remaining arguments are unavailing.

Peters, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.