[936 NYS2d 766]

In the Matter of ADIRONDACK COUNCIL, INC., Appellant, v ADIRONDACK PARK AGENCY et al., Respondents.

Third Department, January 19, 2012

**APPEARANCES OF COUNSEL**

*Tooher & Barone, L.L.P.*, Albany (*Maeve M. Tooher* of counsel), for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Susan L. Taylor* of counsel), for respondents.

**OPINION OF THE COURT**

MERCURE, A.P.J.

In November 2006, respondents Department of Environmental Conservation (hereinafter DEC) and Office of Parks, Recreation and Historic Preservation adopted the Snowmobile Plan for the Adirondack Park/Final Generic Environmental Impact Statement (hereinafter Plan/FGEIS). The Plan/FGEIS is a supplement to the portion of the statewide Snowmobile Trail Plan that relates to the Adirondack Park. The Plan/FGEIS anticipated a new trail system with no material increase in miles, but with the designation and creation of community connector trails and ungroomed secondary trails, as well as the re-designation of existing trails within the interior of wild forest units as nonmotorized trails.

In accord with a recommendation in the Plan/FGEIS, DEC rescinded its prior policy governing the planning, construction and maintenance of snowmobile trails and adopted the "Management Guidance: Snowmobile Trail Siting, Construction and Maintenance on Forest Preserve Lands in the Adirondack Park" (hereinafter the Guidance) (cached at http://www.nycourts.gov/reporter/webdocs/mgt_guidance_snowmobile_trail_siting.pdf). In addition, by resolution adopted in November 2009, respondent Adirondack Park Agency approved the Guidance as consistent with the Adirondack Park State Land Master Plan. The Guidance provides for a two-tiered classification system for

snowmobile trails—consisting of community connector and secondary trails—to support implementation of the goal in the Plan/FGEIS of linking together communities in the Adirondack Park. The Guidance also provides criteria for the redesignation of some snowmobile trails as nonmotorized with the primary aim of providing a net benefit to the forest preserve.

Petitioner, a nonprofit conservation organization, commenced this combined action for declaratory judgment and proceeding pursuant to CPLR article 78, challenging DEC's adoption of the Guidance and the November 2009 resolution approving it. Upon respondents' motion, Supreme Court dismissed the action/proceeding on ripeness grounds. Petitioner appeals, and we now affirm.

■ In determining whether an administrative action is ripe for review, we must first consider whether it "is final and whether the controversy may be determined as a 'purely legal' question" (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519 [1986], *cert denied* 479 US 985 [1986]). An action will be deemed final if "a pragmatic evaluation" reveals that "the decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (*id.* [internal quotation marks and citation omitted]; *accord Matter of Gordon v Rush*, 100 NY2d 236, 242 [2003]; *Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]). We must then consider whether "the anticipated harm is insignificant, remote or contingent[;] . . . if the claimed harm may be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party," the matter is not ripe (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d at 520; *see Matter of Gordon v Rush*, 100 NY2d at 242). That is, if the claimed harm "is contingent upon events which may not come to pass, the claim . . . is nonjusticiable as wholly speculative and abstract" (*Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo*, 64 NY2d 233, 240 [1984]; *see Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 561-562 [2000]).

Petitioner's challenges are grounded upon its assertion that the Guidance conflicts with the State Land Master Plan and the Plan/FGEIS by permitting new or rerouted snowmobile trails to be located up to two miles from the boundary of wild forest land units and one mile from "motorized water bodies," rather than keeping trails adjacent to public highways. The Guidance, however, does not determine where trails will be placed; rather,

it articulates the standards that will apply to the siting and designation of snowmobile trails on forest lands, and to the construction and maintenance of those trails. As Supreme Court noted, both the Plan/FGEIS and the Guidance itself provide that any new, reconfigured or redesignated trails require authorization in approved unit management plans—a process that entails additional SEQRA review. Indeed, petitioner concedes that the specific location of each trail will not be definitively identified until DEC prepares individual unit management plans for forest preserve lands, as required by Executive Law § 816. Moreover, the Guidance expressly provides that it "does not prevent DEC, via individual [unit management plans] or other means, from providing more restrictive management where necessary to protect the character of [f]orest [p]reserve lands." (Guidance at 15.)

Under these circumstances, we agree with Supreme Court that, because the harm anticipated by petitioner may be prevented by further administrative action, it has not alleged an actual, concrete injury and its "facial" challenges to the Guidance are therefore not ripe for review (*see Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo*, 64 NY2d at 240; *Matter of Guido v Town of Ulster Town Bd.*, 74 AD3d 1536, 1537-1538 [2010]; *Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d at 562; *see also Matter of Brunswick Smart Growth, Inc. v Town of Brunswick*, 73 AD3d 1267, 1268-1269 [2010]). "To allow immediate article 78 review . . . would unnecessarily interfere with the agency process and waste judicial resources" (*Matter of Essex County v Zagata*, 91 NY2d at 455-456). Further, while "a determination within the context of [a pending] matter may be 'final' if the governmental entity acts beyond its statutory authority and causes injury" (*Matter of Demers v New York State Dept. of Envtl. Conservation*, 3 AD3d 744, 746 [2004]; *see Matter of Gordon v Rush*, 100 NY2d at 243), petitioner does not dispute that respondent has the authority to develop and implement guidelines consistent with the State Land Master Plan (*see* Executive Law § 816). Thus, we reject petitioner's argument that the issuance of the Guidance amounted to a final, ultra vires act simply because, petitioner maintains, it expresses respondents' allegedly improper interpretation of certain terms, including "periphery" and "motorized travel corridors" (*see Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 922 [1999], *lv denied* 93

NY2d 815 [1999]). Absent any concrete injury, petitioner's characterization of its claim as "ultra vires" does not render that claim ripe for review.

Finally, we agree with respondents that the Guidance itself is not subject to interlocutory SEQRA review. Inasmuch as the Guidance did not commit respondents to a definite future course and further SEQRA review is required before any trails will be sited or constructed, the Guidance is not an "action" requiring SEQRA review (*see Matter of Palczynski v County of Herkimer*, 55 AD3d 1242, 1243 [2008]; *cf. Matter of Price v County of Westchester*, 225 AD2d 217, 220-221 [1996]). Petitioner's remaining arguments, to the extent that they are not rendered academic, have been considered and found to be lacking in merit.

LAHTINEN, SPAIN, MALONE JR. and KAVANAGH, JJ., concur.

Ordered that the amended judgment is affirmed, without costs.