In the Matter of Association for a Better Long Island, Inc., Petitioner, and Jan Burman et al., Appellants, v New York State Department of Environmental Conservation et al., Respondents. [949 NYS2d 291]—

Rose, J.

Petitioners Town of Riverhead, Town of Riverhead Community Development Agency, Jan Burman and M-GBC, LLC (hereinafter collectively referred to as petitioners) and another commenced combined CPLR article 78 proceedings and declaratory judgment actions challenging, on various procedural and substantive grounds, regulations issued by respondent New York State Department of Environmental Conservation that require "incidental take" permits for any activity likely to result in the "taking" of any endangered or threatened species (see 6 NYCRR part 182). As relevant here, the regulations define taking as "the pursuing, shooting, hunting, killing, capturing, trapping, snaring and netting of any species listed as endangered or threatened . . . and all lesser acts such as disturbing, harrying or worrying" (6 NYCCR 182.2 [x]), and an incidental take as one "that is incidental to, and not the intended purpose of, an otherwise lawful activity" (6 NYCCR 182.2 [j]). Petitioners based their challenges to the regulations on their ownership of property that contains or is in proximity to endangered and threatened species. After the proceedings were consolidated, respondents moved to dismiss on the grounds that petitioners lacked standing and the issues raised were not ripe for review. Supreme Court granted the motion and petitioners appeal.

In order to have standing, petitioners must demonstrate "an actual legal stake in the matter being adjudicated," that is, an injury in fact "capable of judicial resolution" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772 [1991] [internal quotation marks and citation omitted]; *see Mittelmark v County of Saratoga*, 85 AD3d 1359, 1360 [2011]; *Aiardo v Town of E.*

*Greenbush*, 64 AD3d 849, 851 [2009]). Petitioners have no pending applications for a permit under the regulations, but claim that their properties "will be" affected by the amended regulations or that they "could be compelled" to comply with them. Unlike property owners affected by a zoning reclassification (*see Matter of Har Enters. v Town of Brookhaven*, 74 NY2d 524, 529 [1989]; *Matter of Rossi v Town Bd. of Town of Ballston*, 49 AD3d 1138, 1142 [2008]), petitioners' allegations that they may be required to comply with the regulations is potential, speculative harm that is insufficient to confer standing (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 213-214 [2004]; *Matter of Brunswick Smart Growth, Inc. v Town of Brunswick*, 73 AD3d 1267, 1269 [2010]; *Matter of Gerdts v State of New York*, 210 AD2d 645, 647 [1994], *appeal dismissed* 85 NY2d 856 [1995], *lv denied* 85 NY2d 810 [1995]).

Nor can Burman and M-GBC, LLC claim standing pursuant to State Finance Law § 123-b. That statute is narrowly construed and authorizes taxpayers to challenge "a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property" (State Finance Law § 123-b [1]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813 [2003], *cert denied* 540 US 1017 [2003]; *Matter of Feminists Choosing Life of N.Y., Inc. v Empire State Stem Cell Bd.*, 87 AD3d 47, 50 [2011], *lv denied* 18 NY3d 801 [2011]; *Matter of Humane Socy. of U.S. v Empire State Dev. Corp.*, 53 AD3d 1013, 1016 [2008], *lv denied* 12 NY3d 701 [2009]). Burman and M-GBC, LLC do not identify any expenditure by the state that they seek to challenge, and the claims raised in their petition do not have a sufficient nexus to fiscal activities so as to allow for section 123-b standing (*see Rudder v Pataki*, 93 NY2d 273, 281 [1999]). They do not qualify for common-law taxpayer standing either, as that remedy is available only to challenge important governmental actions where the failure to allow standing would " 'erect an impenetrable barrier to any judicial scrutiny' " (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000], quoting *Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]). No such barrier exists here as property owners subjected to the requirements of the regulations will be able to challenge them (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998]; *Matter of Feminists Choosing Life of N.Y., Inc. v Empire State Stem Cell Bd.*, 87 AD3d at 51).

Petitioners raise procedural challenges to the regulations that are ripe, but those challenges must be dismissed in the absence

of standing (*see Matter of Widewaters Rte. 11 Potsdam Co., LLC v Town of Potsdam*, 51 AD3d 1292, 1294-1295 [2008]). As for petitioners' substantive challenges, they are not ripe because the burdens that petitioners claim will be imposed upon them may be ameliorated by the application of the regulations to a specific development plan (*see Matter of Hunt Bros. v Glennon*, 81 NY2d 906, 910 [1993]; *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520 [1986], *cert denied* 479 US 985 [1986]; *Matter of Adirondack Council, Inc. v Adirondack Park Agency*, 92 AD3d 188, 191 [2012]). As Supreme Court correctly held, merely being subjected to administrative regulations is insufficient to constitute an injury (*see Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo*, 64 NY2d 233, 240 [1984]; *Matter of New York Blue Line Council, Inc. v Adirondack Park Agency*, 86 AD3d 756, 761 [2011], *appeal dismissed* 17 NY3d 947 [2011], *lv denied* 18 NY3d 806 [2012]; *Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn.*, 71 AD3d 679, 681 [2010]). In such situations, the " 'harm sought to be enjoined is contingent upon events which may not come to pass, [and] the claim is . . . nonjusiticiable as wholly speculative and abstract' " (*Matter of Wal-Mart Stores v Campbell*, 238 AD2d 831, 833 [1997], quoting *Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo*, 64 NY2d at 240).

Mercure, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs. 