In the Matter of CARL E. PERSON, Appellant, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION, Respondent. [38 NYS3d 547]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered October 29, 2015, denying the petition for, inter alia, a declaration that respondent's alleged congestion-related activities violated the State Environmental Quality Review Act (SEQRA), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Judgment, same court and Justice, entered April 28, 2016, to the extent appealed from, denying petitioner's motion for leave to amend, unanimously affirmed, without costs.

The article 78 court correctly determined that petitioner lacks standing to sue under SEQRA. Petitioner's allegation that respondent's congestion-related initiatives have caused him to spend additional time stuck in vehicular traffic does not establish the requisite environmental injury (*see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation*, 23 NY3d 1, 8-9 [2014]; *Matter of Widewaters Rte. 11 Potsdam Co., LLC v Town of Potsdam*, 51 AD3d 1292 [3d Dept 2008]). Nor do the alleged other consequences of increased time stuck in traffic, such as lost recreational time, constitute environmental injuries (*see e.g. Matter of Turner v County of Erie*, 136 AD3d 1297 [4th Dept 2016], *lv denied* 27 NY3d 906 [2016]). The allegations that the alleged increased congestion will result in greater risk of adverse health consequences (through additional air pollution), delayed ambulance times, and delayed access to toilet facilities (while sitting in traffic) are purely speculative and therefore insufficient to establish injury for the purposes of standing (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207 [2004]; *Matter of Rent Stabilization Assn. of N.Y.C., Inc. v Miller*, 15 AD3d 194 [1st Dept 2005], *lv denied* 4 NY3d 709 [2005]).

Nor has petitioner adequately alleged that his injury is different from that suffered by the public at large (*see Matter of Shelter Is. Assn. v Zoning Bd. of Appeals of Town of Shelter Is.*, 57 AD3d 907, 909 [2d Dept 2008], *lv dismissed in part, denied in part* 12 NY3d 797 [2009]). His main complaint is simply more time spent in traffic, which, if true, would affect countless other New Yorkers.

We note that the petition is also untimely. Even crediting petitioner's allegations that respondent's congestion-related initiatives were part of a secret plan to increase congestion in Manhattan so as to make congestion pricing politically palatable, the initiatives themselves were made public in 2008, and, as petitioner acknowledges, many of them underwent environmental review between May 2012 and July 2014. Petitioner

had "timely knowledge [of respondent's activities] sufficient to have placed [him] under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable statute of limitations" (*see Rite Aid Corp. v Grass*, 48 AD3d 363, 364-365 [1st Dept 2008]). However, he did not commence this proceeding until 2015, long after the four-month statute of limitations had expired (*see* CPLR 217 [1]).

The court properly rejected petitioner's proposed amendments (*see Davis & Davis v Morson*, 286 AD2d 584, 585 [1st Dept 2001]). We have considered petitioner's remaining contentions and find them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.